ISAAC CESLA, Respondent, v. HENRY FRYDMAN et al., Appellants.— In an action, *inter alia,* to declare a transaction a joint venture and for an accounting, defendants appeal from (1) an interlocutory judgment of the Supreme Court, Rockland County, entered December 21, 1973 after a nonjury trial, which, *inter alia,* (a) declared that a joint venture existed between plaintiff and defendants for the purchase and development of a parcel of real property on an equal basis and (b) directed defendants to account to plaintiff and (2) an order of the same court, entered October 29, 1974, which denied defendants' motion for a new trial on the ground of newly discovered evidence. Appeal from the interlocutory judgment dismissed. That appeal is rendered academic by reason of the disposition herein of the appeal from the order. Order reversed, defendants' motion granted and new trial granted. Defendants are awarded a single bill of costs to abide the event of the new trial to cover both appeals. The trial court erred in denying defendants' motion for a new trial (see CPLR 5015, subd. [a], par. 2). The evidence submitted in support of the motion, which could not have been discovered in time to move for a new trial (see CPLR 4404, 4405), went directly to the heart of the fact issues raised at the trial and, if credited, would probably have produced a different

result. Accordingly, we did not consider the issues raised on the appeal from the interlocutory judgment. Martuscello, Brennan, Benjamin and Shapiro, JJ., concur; Hopkins, Acting P. J., dissents and votes to affirm the interlocutory judgment and the order, with the following memorandum: Two appeals are here presented: (1) from an interlocutory judgment declaring a joint venture between plaintiff and defendants with respect to real property owned by defendants and (2) from an order denying defendants' motion for a new trial on the ground of newly discovered evidence. The question whether a joint venture existed between plaintiff and defendants was purely factual. The trial court found, on sufficient evidence, that plaintiff and defendants engaged in conversations leading to the acquisition by defendants of a parcel of land for its development as a residential subdivision under an agreement of joint venture. However, the main subject of dispute between the parties appears to be whether plaintiff was possessed of a 50% interest in the venture (as plaintiff urges) or a 20% interest (as defendants' evidence indicates). The trial court decided this dispute by holding that plaintiff had a 50% interest and I cannot say that this conclusion is wrong. Nor can I say that the trial court was wrong, as defendants contend, in the application of the law to these facts. Though plaintiff made no contribution in cash or capital to the venture, the evidence supports the finding that he was excluded from the enterprise because defendants insisted that his interest was only 20%, while plaintiff would not accept that limitation. A party to a joint venture, who is excluded from participation even at the time of inception, may either sue for an accounting or damages for the breach by an action at law (*Crownshield Trading Corp.* v. *Earle,* 20C App. Div. 10, 15; cf. *Zimmerman* v. *Harding,* 227 U. S. 489, 494). Here, plaintiff has sued for an accounting. All the elements of a joint venture were established (cf. 2 Williston, Contracts [3d ed.], § 318A, pp. 563–564) and once the fiduciary relationship is thus created equity will impress a trust on the property or the traceable proceeds (*Motyl* v. *Motyl,* 35 A D 2d 1051, 1052; *Lutz* v. *Lustbader,* 229 App. Div. 832). Whether a new trial should have been granted rests on defendants' claim that subsequent to the trial they discovered that Cooper, a bank officer, who testified for plaintiff, had limited authority to make loans and that Smith, a real estate broker, who also testified for plaintiff, had close financial and business ties with plaintiff. Of course, prospective evidence to be offered at a new trial must be such that it could not have been discovered before trial and not simply that which would attack the credibility of a witness (4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4404.31). The authority of Cooper was certainly a matter subject to investigation at the time of the trial, and the association of Smith with plaintiff affected only his credibility.