■ In the Matter of COMMERCIAL STRUCTURES, INC., Respondent, v CITY OF SYRACUSE et al., Appellants. — Order and judgment affirmed, with costs. All concur, Simons, J., not participating. Memorandum: In these tax certiorari proceedings for the years 1977 through 1981, the court rejected the determinations of full market value made by the referee but otherwise generally adopted the referee's findings. From those findings, it was apparent that the full market value as stated by the referee was not a mathematically possible result, utilizing the capitalization of income formula. Having adopted the referee's findings of income, expenses and capitalization rate, the court merely recomputed full market value. It specifically found that figure to be $1,260,000 for each of the years 1980 and 1981. Although the court's decision does not specify the full market value for the years 1977 through 1979, simple arithmetic computation demonstrates that the court found full market value, rounded off, to be $1,850,000 for each of those years. Thus it is unnecessary, as urged by respondents, to remit the case. Nor do we find any merit to respondents' argument, apparently made on the basis that the referee utilized a market data approach, that we should adopt the referee's determination of full market value. This case was tried on the premise that the economic method was appropriate; the appraisals of petitioner and respondents are reflective of that approach; and the referee pointedly stated that the economic method was

appropriate for finding the market value of this income-producing property. Respondents also argued that the capitalization rate should be reduced. The rate adopted by the court was 10.9%. Real estate taxes were not deducted as an expense, and, accordingly, a tax assessor's factor of 4% was added. The rate was within the range of the expert testimony and is the same as that applied in *Matter of Syracuse Univ. v City of Syracuse* (83 AD2d 783). While circumstances of particular cases may result in the application of varying capitalization rates, we perceived no need, on this record, to modify the court's determination (see *Matter of Henry Distr. Corp. v Srogi*, 91 AD2d 818). We have reviewed the other issues raised by respondents and find them to be without merit. (Appeal from order and judgment of Supreme Court, Onondaga County, Stone, J. — Real Property Tax Law, art 7.) Present — Dillon, P. J., Simons, Callahan, Boomer and Moule, JJ.