did not stop. Under these circumstances, the State's failure to erect additional traffic control devices cannot be deemed the proximate cause of claimant's injuries (see *Atkinson v County of Oneida,* 59 NY2d 840; see, also, *Hicks v State of New York,* 4 NY2d 1; *Kent v State of New York,* 37 AD2d 119, 121, affd 31 NY2d 688; *Tely v State of New York,* 33 AD2d 1061). In light of this holding, we need not address claimant's and respondent's other contentions. (Appeals from judgment of Court of Claims, Quigley, J. — automobile negligence.) Present — Dillon, P. J., Boomer, Green, Moule and Schnepp, JJ.

■ BRIAN BALL, Appellant-Respondent, v STATE OF NEW YORK, Respondent-Appellant. (Appeal No. 2.) (Claim No. 62168.) — Judgment unanimously reversed, on the law and facts, without costs, and claim dismissed. Same memorandum as in *Ball v State of New York* (Appeal No. 1) (96 AD2d 1139). (Appeals from judgment of Court of Claims, Quigley, J. — automobile negligence.) Present — Dillon, P. J., Boomer, Green, Moule and Schnepp, JJ.

■ HARRY E. BALL, Appellant-Respondent, v STATE OF NEW YORK, Respondent-Appellant. (Appeal No. 3.) (Claim No. 62169.) — Judgment unanimously reversed, on the law and facts, without costs, and claim dismissed. Same memorandum as in *Ball v State of New York* (Appeal No. 1) (96 AD2d 1139). (Appeals from judgment of Court of Claims, Quigley, J. — automobile negligence.) Present — Dillon, P. J., Boomer, Green, Moule and Schnepp, JJ.

■ ESTELLA C. BALL, Appellant, v STATE OF NEW YORK, Respondent. BRIAN BALL, Appellant, v STATE OF NEW YORK, Respondent. HARRY E. BALL, Appellant, v STATE OF NEW YORK, Respondent. (Appeal No. 4.) — Appeal unanimously dismissed as moot. (Appeal from order of Court of Claims, Quigley, J. — automobile negligence.) Present — Dillon, P. J., Boomer, Green, Moule and Schnepp, JJ.

■ ONONDAGA SAVINGS BANK, Respondent, v ROBERT Z. SROGI, as Commissioner of Assessment of the City of Syracuse, Appellant. — Order and judgment unanimously affirmed, with costs. Memorandum: The record supports the determination of the trial court in its reduction of the assessment (see *Matter of Pepsi-Cola Co. v Tax Comm.,* 19 AD2d 56, 61). Whether the actual rent charged by the bank to itself for its own occupancy is a reliable index of full value and economic rent was a question of fact for the trial court to resolve (see *Matter of Henry Distr. Corp. v Srogi,* 91 AD2d 818; see, also, *Matter of Merrick Holding Corp. v Board of Assessors,* 45 NY2d 538). The capitalization rates adopted by the trial court are supported by evidence and within the range of testimony (see *Matter of Schoeneck v City of Syracuse,* 93 AD2d 988). The city's argument that the rates used by the trial court cannot be reconciled with our decision in *Matter of Marine Midland Props. Corp. v Srogi* (91 AD2d 824) is without merit. Obviously, "circumstances of particular cases may result in the application of varying capitalization rates" (*Matter of Commercial Structures v City of Syracuse,* 91 AD2d 1197, 1198). (Appeal from order and judgment of Supreme Court, Onondaga County, Murphy, J. — Real Property Tax Law, art 7.) Present — Dillon, P. J., Boomer, Green, Moule and Schnepp, JJ.

■ HARTFORD ACCIDENT & INDEMNITY COMPANY, Respondent, v HURDLE HILL FARM, INC., et al., Appellants. — Order and judgment unanimously affirmed, without costs, for reasons stated in memorandum decision at Special Term, Bayger, J. (Appeal from order and judgment of Supreme Court, Erie County, Bayger, J. — declaratory judgment.) Present — Dillon, P. J., Boomer, Green, Moule and Schnepp, JJ.

■ In the Matter of MARIE B. — Order unanimously affirmed, without costs. Memorandum: We agree, for the reasons stated in the memorandum of the