■ In the Matter of RUGGERITE, INC., Respondent, v STATE TAX COMMISSION, DEPARTMENT OF TAXATION AND FINANCE OF THE STATE OF NEW YORK, Appellant. — Appeal from a judgment of the Supreme Court at Special Term (Kahn, J.), entered January 31, 1983 in Albany County, which, in a proceeding pursuant to CPLR article 78, enjoined respondent from finally determining certain sales tax due from petitioner until a hearing has been held under subdivision (a) of section 1138 of the Tax Law. Petitioner operates a restaurant in New York City which was the subject of an extended sales tax audit in 1981. On October 20, 1981, the Department of Taxation and Finance (hereinafter Tax Department) sent petitioner, by certified mail, a correctly addressed notice of sales tax deficiency in the amount of $59,957.63 including penalties and interest pursuant to section 1147 (subd [a], par [1]) of the Tax Law. The assessment covered the period from September 1, 1977 to August 31, 1980 and informed petitioner that the determination could be challenged by filing a petition for a hearing within 90 days. On October 22, 1981, the United States Postal Service unsuccessfully attempted to deliver the notice to petitioner's business address. A postal service form was reportedly left at that address advising petitioner that it could claim the notice at a specified post office. The notice went unclaimed and, on November 12, 1981, the postal service returned it to the Tax Department. The returned envelope bore the marking "unclaimed". Petitioner never received the notice and so never filed a request for a hearing. The Tax Department on May 18, 1982, issued a subpoena to petitioner and demanded immediate payment of $64,870.27. On May 24, 1982, petitioner commenced this CPLR article 78 proceeding to enjoin all collection procedures until a hearing had been granted petitioner regarding the sales tax alleged to be due. Petitioner denied receipt of the notice or the postal service claim form. Special Term ruled that petitioner must be afforded a hearing concerning the sales tax assessed in the notice sent October 20, 1981. The court also held that

the service requirements of section 1147 of the Tax Law are not satisfied, and thus the time period of section 1138 of the Tax Law is not triggered, unless the taxpayer actually receives a properly mailed notice. The court further ruled that even though the notice was properly mailed and correctly addressed, petitioner never received it because it was marked "unclaimed". This appeal by the Tax Department ensued. There should be an affirmance. Section 1138 (subd [a], par [1]) of the Tax Law provides that a notice of deficiency "finally and irrevocably" fixes the taxes unless the person against whom the deficiency is assessed seeks a hearing within 90 days "after giving the notice of such determination". How the notice is to be "given" is governed by section 1147 (subd [a], par [1]) of the Tax Law, which provides, insofar as pertinent, as follows: "A notice of determination shall be mailed promptly by registered or certified mail. The mailing of such notice shall be presumptive evidence of the receipt of the same by the person to whom addressed. Any period of time which is determined according to the provisions of this article by the giving of notice shall commence to run from the date of mailing of such notice." The Tax Department relies on *Matter of Kenning v Department of Taxation & Fin.* (72 Misc 2d 929, affd 43 AD2d 815, mot for lv to app den 34 NY2d 653) as support for its argument that mailing of the notice is equivalent to delivery, and that receipt by petitioner is irrelevant. The Tax Department further argues that petitioner can only rebut the presumption of section 1147 by showing that the notice was improperly mailed. However, our inquiry does not stop with proof of mailing in the instant case. Here, there is uncontroverted proof that petitioner did not receive the notice of tax deficiency. In addition, the postal service failed to comply with one of its own requirements for delivery of certified mail, i.e., that an addressee of certified mail be provided with a second notice of arrival upon the failure to claim a piece of certified mail within five days of the original attempt at delivery. This evidence shows that the Government has not done what the statute presumes it would do. This case is, therefore, clearly, distinguishable from the *Kenning* case which found the failure to receive a notice immaterial. On this record, petitioner, the addressee, has the right to rebut the presumption of receipt contained in section 1147 (subd [a], par [1]) of the Tax Law. This interpretation is consistent with the intent of the Legislature. The Legislature amended section 1147 (subd [a], par [1]) in 1981 to require that service be made by registered or certified mail rather than ordinary mail (L 1981, ch 760, § 2). The amendment's history indicates that the reason for such change was to insure receipt of the notice since extensive delays were experienced when ordinary mail was employed. Judgment affirmed, with costs. Mahoney, P. J., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.