■ In the Matter of COMMERCIAL STRUCTURES, INC., Respondent, v CITY OF SYRACUSE et al., Appellants. — Case held, decision reserved and matter remitted to Supreme Court, Onondaga County, for further proceedings, in accordance with the following memorandum: Respondents appeal from an order denying their motion to be relieved of the judgment and to reopen the trial of these tax certiorari proceedings on the ground of newly discovered evidence (CPLR 5015, subd [a], par 2). Petitioner brought these proceedings for review of assessments of the subject property for the tax years 1977-1981 (see Real Property Tax Law, art 7). Evidence was submitted to the referee in May, 1981, and the referee's report was issued in December, 1981. Supreme Court entered its order and judgment determining full market value in April, 1982, and on appeal by respondents, we affirmed (*Matter of Commercial Structures v City of Syracuse,* 91 AD2d 1197). It is now alleged that in December, 1982 petitioner sold the subject premises for a sum substantially higher than the

judicially determined full market value. Respondents argue that the sale is newly discovered evidence within the meaning of CPLR 5015. The newly discovered evidence provision of CPLR 5015 is derived from rule 60 (subd [b], par [2]) of the Federal Rules of Civil Procedure (in US Code, tit 28, Appendix; 5 Weinstein-Korn-Miller, NY Civ Prac, par 5015.07; Legislative Studies and Reports, McKinney's Cons Laws of NY, Book 7B, CPLR 5015, pp 581-582). The Federal rule permits reopening a judgment only upon the discovery of evidence which was "in existence and hidden at the time of the judgment" (*Ryan v United States Lines Co.,* 303 F2d 430, 434). In our view, the New York rule was intended to be similarly applied. Only evidence which was in existence but undiscoverable with due diligence at the time of judgment may be characterized as newly discovered evidence. Here, although the sale of the subject premises was closed more than a year and a half after trial and more than eight months after entry of judgment, the record fails to disclose any facts relating to negotiations for the sale and the time of their commencement, or of the date and content of the contract of sale. Thus, we cannot determine whether there was "in existence and hidden at the time of the judgment" evidence which may properly be viewed as newly discovered. The matter must be remitted for a hearing and findings on these subjects. (Appeal from order of Supreme Court, Onondaga County, Stone, J. — reopen trial.) Present — Dillon, P. J., Callahan, Green, O'Donnell and Schnepp, JJ.