■ NATIONAL HOTEL MANAGEMENT CORPORATION et al., Respondents, v SHELTON TOWERS ASSOCIATES et al., Appellants, et al., Defendants. — In an action, *inter alia,* to recover damages for breach of contract, the appeal is from a judgment of the Supreme Court, Kings County (Kartell, J), dated December 8, 1983, which (1) denied appellants' motion, *inter alia,* to vacate an interlocutory judgment dated February 16, 1982, and to grant a new trial on the issue of liability, (2) confirmed the referee's amended report on damages, and (3) awarded plaintiffs damages payable by appellants.

Judgment reversed, on the law and the facts, motion granted, interlocutory judgment vacated, and new trial granted, with costs to abide the event.

The trial court erred in denying appellants' motion, *inter alia,* for a new trial (*see,* CPLR 5015 [a] [2]). The evidence submitted in support of the motion, consisting of depositions in another action, which were materially inconsistent with the testimony at trial concerning Norman Groh's ownership of stock in National Hotel Management Corporation (National), obviously could not have been discovered in time to move for a new trial prior to judgment (*see,* CPLR 4404, 4405), and went to the heart of the litigated issues.

Although motions of this type are addressed to the sound discretion of the trial court (*see, Matter of Cristo,* 92 AD2d 691), on the record before us we are compelled to conclude that such discretion was improvidently exercised. Groh's testimony at trial that he was not a stockholder was plainly an underlying basis for Trial Term's ruling that his alleged misconduct was collateral to the breach of contract claim and the defense that

Groh's termination was justified because of his affiliation with National. In addition, his testimony curbed counsel's ability to cross-examine.

The inconsistency between the sworn statements at trial and the depositions is egregious. Either Groh's stock was transferred to Hugh Jones, National's president, without any conditions attached, as the plaintiffs testified, and Trial Term found, or it was held by Jones "in trust" for Groh and subject to return to him, as the testimony at the depositions shows. In such circumstances, we think it appropriate to grant a new trial (*see, Cesla v Frydman,* 47 AD2d 742; *Hawkins v William F. Regan, Inc.,* 39 AD2d 908).

With respect to the damages aspect of the appeal we note that the testimony of the principal witness in support of plaintiffs' claim that appellants caused them to lose the opportunity to manage the Memphis Hilton was not credible (*see, Matter of McMillan,* 218 NY 64), and, indeed, such damages were never alleged nor sought in the complaint. Titone, J. P., Thompson, Bracken and Rubin, JJ., concur.