■ FEDERAL DEPOSIT INSURANCE CORPORATION, Appellant, v IRENE SCHWARTZ, as Executrix of SIGMUND P. SCHWARTZ, Deceased, Respondent.—In an action to recover on a guarantee of payment of a note, plaintiff appeals from so much of an order of the Supreme Court, Suffolk Court (Luciano, J.), dated January 23, 1985 and amended on November 1, 1985, as granted defendant's motion to vacate a judgment of the same court entered January 16, 1981.

Order, as amended, reversed, insofar as appealed from, on the law and as a matter of discretion in the interest of justice, with costs, motion granted only to the extent of vacating the second decretal paragraph of the judgment dated January 16, 1981, and matter remitted to the Supreme Court, Suffolk County, for further proceedings limited only to the issue of the amount due on the guarantee. Pending the determination and entry of a new judgment, the judgment dated January 16, 1981 shall stand as security, unless within 10 days after service upon her of a copy of the order to be entered hereon,

with notice of entry, defendant shall serve and file in the office of the Clerk of the Supreme Court, Suffolk County, an undertaking, with corporate surety, in the sum of $1,229,972.22, that in the event a judgment is rendered against defendant in this action, the surety will pay the same up to the foregoing amount. In the event that such an undertaking is filed, then the second decretal paragraph of the judgment dated January 16, 1981 shall be vacated of record by the Clerk.

In September 1979, the plaintiff Federal Deposit Insurance Corporation (FDIC), as successor to the now-defunct Franklin National Bank, brought this suit to recover on a guarantee of payment of a $300,000 note against defendant Irene Schwartz, executrix of the estate of her husband Sigmund P. Schwartz, the note's guarantor. Special Term denied FDIC's motion for summary judgment, but this court reversed *(Federal Deposit Ins. Corp. v Schwartz,* 78 AD2d 867), and judgment for plaintiff was thereafter entered in the amount of $614,986.11. Appeal of the judgment by defendant to the Court of Appeals resulted in the review and affirmance of the order of this court (55 NY2d 702).

Over 1½ years after the Court of Appeals decision, defendant, who had obtained new counsel, moved to vacate the judgment pursuant to CPLR 5015, on the grounds of newly discovered evidence and plaintiff's misconduct. The basis for the motion was a 1975 FDIC letter agreement executed by the principal debtor, Rockaway Enterprises, Inc. (Rockaway), which defendant's counsel had obtained from Rockaway's former attorney as part of a general request for information relevant to the decedent's guarantee. Respondent alleged that the letter agreement raised questions of fact that would have prevented summary judgment from being granted in favor of FDIC. Special Term initially referred the motion to this court, but we determined the transfer to be improper and returned the matter to Special Term, which then granted the motion.

The manner in which the letter agreement was obtained clearly demonstrates that it was discoverable with due diligence prior to the entry of the judgment in question, and it thus fails to meet the criteria for newly discovered evidence under CPLR 5015 (a) (2) *(see, Matter of Commercial Structures v City of Syracuse,* 97 AD2d 965; *Central Funding Co. v Kimler,* 54 AD2d 748; 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5015.07). In any event, the letter agreement raises no questions of fact that might have produced a different result on the issue of liability.

The letter agreement does, however, raise a question of fact

with respect to damages that plaintiff has failed to adequately address. The interests of justice in avoiding double recovery and unjust depletion of the decedent's estate dictate that the matter be remitted to the Supreme Court, Suffolk County, to determine the issue of whether any payments were made by Rockaway to FDIC which, pursuant to the letter agreement, were or should have been credited against the amount due on the note guaranteed by appellant's decedent. Mollen, P. J., Mangano, Lawrence and Kooper, JJ., concur.