■ RICHARD I. PEZENIK, Respondent, v JAMES J. MILANO et al., Appellants.—In an action to recover on promissory notes, the defendants appeal from an order of the Supreme Court, Nassau County (Wager, J.), entered September 18, 1986, which denied their motion to vacate pursuant to CPLR 5015 (a) (2) a judgment of the same court (Levitt, J.), entered September 16, 1980, and a judgment of the same court (Roncallo, J.), entered October 21, 1980, pursuant to CPLR 5015 (a) (2).

Ordered that the order is affirmed, with costs.

We find that the defendants' motion to vacate the judgments based upon newly discovered evidence was properly denied. "Only evidence which was in existence but undiscoverable with due diligence at the time of judgment may be characterized as newly discovered evidence" *(see, Matter of Commercial Structures v City of Syracuse,* 97 AD2d 965, 966). A report of an Administrative Law Judge, relied upon by the

defendants, cannot constitute newly discovered evidence as it was not issued and therefore was not in existence until after the judgments were entered.

We further find that the testimony and evidence presented to the Administrative Law Judge at the administrative hearing conducted prior to the entry of the judgments fail to meet the criteria for newly discovered evidence. The defendants were aware of and participated in these proceedings, and the testimony and evidence were not hidden. The defendants were required but failed to establish that they could not have, with due diligence, discovered such evidence prior to the entry of the judgments (see, *Matter of Commercial Structures v City of Syracuse, supra; Federal Deposit Ins. Corp. v Schwartz,* 116 AD2d 619). Bracken, J. P., Kunzeman, Eiber and Harwood, JJ., concur.