■ In the Matter of AMERICAN CARS 'R' Us, INC., Appellant, v RODERICK G. W. CHU, as Commissioner of the New York State Department of Taxation and Finance, et al., Respondents.—Levine, J. Appeals (1) from a judgment of the Supreme Court (Prior, Jr., J.), entered October 29, 1987 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, *inter alia,* vacate a sales and use tax assessment filed against petitioner, and (2) from an order of said court, entered February 22, 1988 in Albany County, which denied petitioner's motion for reargument.

On September 17, 1986, the Department of Taxation and Finance (hereinafter the Department) issued a notice of determination and demand against petitioner for additional sales tax, penalties and interest in the amount of $496,418.94 for the period June 1, 1983 to May 31, 1985. A copy of this notice was sent by certified mail to petitioner at its last known address, 5622 Church Avenue, Brooklyn, New York 11203 *(see,* Tax Law § 1138 [a] [1]; § 1147 [a] [1]). The letter was subsequently returned to the Department marked "refused".

After the statutory 90 days within which to protest the assessment had elapsed (Tax Law § 1138 [a] [1]) with no objection having been received from petitioner, the Department issued a warrant against petitioner. This warrant was sent by regular mail to petitioner's Church Avenue address and was received by petitioner's principal, Mark Friedman. Petitioner then requested a hearing on the assessment but the Department refused on the ground that the request was untimely.

Petitioner commenced this proceeding seeking, *inter alia,* an order declaring the sales and use tax assessment to be invalid, vacating the warrant and directing respondents to hold a hearing on the assessment. Petitioner alleged that it was no longer doing business at 5622 Church Avenue after June 30, 1985 and that it had not received the notice of assessment. In response to these allegations, respondents submitted documentary evidence from the Department of State indicating that petitioner had never been dissolved. In addition, evidence was introduced that petitioner was listed in the 1987 Brooklyn telephone directory at the Church Avenue address, and that this address appeared on petitioner's tax returns and also on a petition it filed with the Department in April 1987 protesting the tax warrant. Respondents also submitted the affidavits of two postal employees which stated that petitioner maintained the Church Avenue address throughout the period in question. The affidavit of Lerion Moore, the letter carrier on petitioner's route, states that on September 18, 1986 he attempted to deliver the certified mail from the Department to petitioner. According to Moore, he was taken to the manager's office where the manager, after examining the envelope, refused to accept delivery of the letter. Moore then returned the letter to the sender after marking it "refused". The affidavit of Rosemary Quinones, manager of the post office, states that Moore followed the proper procedure for handling certified mail which is refused by the addressee upon delivery.

In response to the foregoing evidence educed by respondents, petitioner submitted only two attorneys' affidavits. These affidavits alleged that the certified mail was refused by the current tenant of the Church Avenue premises and not by an agent of petitioner. Aside from this contention, petitioner's attorney could provide no explanation or evidence to rebut respondents' proof that petitioner was still located at the Church Avenue address at the time the Department mailed the notice to petitioner. Supreme Court denied petitioner's application to vacate the warrant, finding that respondents' proof was sufficient to prima facie establish that a proper attempt was made to give petitioner notice of the determination. Petitioner then unsuccessfully moved for renewal or reargument. These appeals by petitioner ensued.

On appeal petitioner contends that Supreme Court erred in upholding the warrant in light of the uncontested evidence that petitioner never actually *received* the notice of determination. In support of the contention, petitioner relies on *Matter of Ruggerite v State Tax Commn.* (97 AD2d 634, *affd* 64

NY2d 688), in which the State Tax Commission's attempt to give the petitioner notice by certified mail was held to be insufficient where the letter was returned marked "unclaimed". The decision in *Ruggerite,* however, was based upon a finding that the postal service had failed to follow its own procedures for handling certified mail which is unclaimed after a single attempt at delivery. In our view, *Ruggerite* is distinguishable from petitioner's case since, here, the letter was refused upon delivery and not simply unclaimed. Moreover, the affidavits of the postal service employees provided ample evidence to support a finding that the letter was refused by petitioner's agent and that proper procedures were followed by the letter carrier.

The evidence submitted by respondents demonstrated that petitioner continuously used the Church Avenue address and that the attempt to give petitioner notice by certified mail was proper in all respects. Petitioner failed to rebut respondents' proof with any probative evidence substantiating its conclusory allegations of error. Hence, in our view, Supreme Court properly dismissed the petition.

We have considered petitioner's other contentions and find them to be without merit.

Finally, the order appealed from is properly viewed as the denial of a motion to reargue. Accordingly, this appeal must be dismissed *(see, Frank v Gessel,* 108 AD2d 896).

Judgment affirmed, without costs.

Appeal from order dismissed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.