■ In the Matter of SHAUNE L. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ANDREW L., Appellant.—In a child protective proceeding pursuant to Family Court Act article 10, the father Andrew L. appeals from (1) an order of the Family Court, Westchester County (Bellantoni, J.), entered August 25, 1987, which, after a fact-finding hearing, found that the appellant had sexually abused his daughter Shaune L., (2) an order of the same court, dated February 3, 1988, which denied his motion for a new hearing, and (3) a

dispositional order of the same court, dated February 24, 1988, which, *inter alia,* released Shaune L. to the custody of her mother and directed that he have no contact with her until further order of the court.

Ordered that the orders are affirmed, without costs or disbursements.

Upon our review of the record, we conclude that the Family Court's finding of abuse is supported by a preponderance of the evidence adduced at the fact-finding hearing *(see, Matter of Nicole V.,* 71 NY2d 112, 117; *Matter of Tammie Z.,* 66 NY2d 1, 3).* The child related the incidents of abuse to the court during in camera testimony *(see, Matter of Tyson G.,* 144 AD2d 673; *Matter of Erin G.,* 139 AD2d 737), and her grandmother testified that she experienced nightmares following the incident *(see, Matter of Nicole V.,* 123 AD2d 97, *affd* 71 NY2d 112, *supra; Matter of Tyson G., supra).* Validation evidence was elicited from an expert witness indicating that the child was exhibiting the characteristics associated with a syndrome experienced by sexually abused children *(see, Matter of Nicole V.,* 71 NY2d 112, 120-122, *supra; Matter of Erin G., supra,* at 739; *Matter of Linda K.,* 132 AD2d 149).

Further, the Family Court did not improvidently exercise its discretion in denying the father's motion pursuant to CPLR 5015 (a) (2) for a new hearing based on newly discovered evidence *(see, National Hotel Mgt. Corp. v Shelton Towers Assocs.,* 111 AD2d 154, *appeal dismissed* 65 NY2d 1053).* The evidence relied upon by the father in support of his motion did not meet the criteria for newly discovered evidence *(see, Pezenik v Milano,* 137 AD2d 748, *appeal dismissed* 72 NY2d 909; *Matter of Commercial Structures v City of Syracuse,* 97 AD2d 965).

Finally, we find no basis upon which to disturb the court's determination that the child be released to her mother and that the father have no contact with the child until further order of the court *(see, Matter of Erin G., supra).* Mangano, J. P., Thompson, Eiber and Spatt, JJ., concur.