■ In the Matter of Nɪᴄᴏʟᴇ G., a Child Alleged to be Abused. Nᴏʀᴠᴀʟ M., Appellant.—In a child protective proceeding pursuant to Family Court Act article 10, the appeal is from an order of the Family Court, Queens County (Torres, J.), dated May 7, 1990, which, after a hearing, and upon a fact-finding order of the same court, dated September 19, 1989, finding that the appellant sexually abused the child, prohibited him from having any contact with the child.

Ordered that the order is affirmed, without costs or disbursements.

The evidence adduced at the hearing sufficed to prove the allegations by the requisite preponderance of the evidence *(see,* Family Ct Act § 1046 [b] [i]; *Matter of Tammie Z.,* 66 NY2d 1, 3-5). Out-of-court statements of a child relating to allegations of abuse are admissible at a fact-finding hearing and, if they are properly corroborated by evidence tending to support their reliability, may support a finding of abuse *(see,* Family Ct Act § 1046 [a] [vi]; *Matter of Nicole V.,* 71 NY2d 112; *Matter of Christina F.,* 74 NY2d 532; *Matter of Nassau County Dept. of Social Servs. v Steven K.,* 176 AD2d 326). In the instant proceeding, the child made out-of-court statements relating to allegations of abuse to her father, two physicians, and the validator expert. The medical evidence and the validation testimony of an expert duly qualified in the area of child

sexual abuse constituted sufficient corroboration of the allegations of abuse *(see, Matter of Jesse S.,* 152 AD2d 581; *Matter of Aryeh-Levi K.,* 134 AD2d 428; *Matter of Kerri K.,* 135 AD2d 631; *Matter of Linda K.,* 132 AD2d 149, 158-161).

Further, the Family Court did not improvidently exercise its discretion in denying the appellant's motion pursuant to CPLR 5015 (a) (2) for a new hearing based on newly discovered evidence *(see, Matter of Shaune L.,* 150 AD2d 689; *National Hotel Mgt. Corp. v Shelton Towers Assocs.,* 111 AD2d 154). Evidence of the child's subsequent recantations did not mandate setting aside the finding of abuse *(see, Teichner v W&J Holsteins,* 161 AD2d 454; *Trapp v American Trading & Prod. Corp.,* 66 AD2d 515).

The limitations imposed upon the appellant's cross-examination of witnesses was a proper exercise of the Family Court's discretion. Sullivan, J. P., Rosenblatt, Miller and Ritter, JJ., concur.