■ In the Matter of JENNA R. ANTONIO R., Appellant. [615 NYS2d 459] —In a child protective proceeding pursuant to Family Court Act article 10, the father appeals from an order of the Family Court, Queens County (Schindler, J.), dated September 26, 1991, which denied his motion to vacate an order of disposition of the same court, dated July 9, 1990, made upon a fact-finding order of the same court dated February 27, 1990, which found that he had abused the child Jenna.

Ordered that the order dated September 26, 1991, is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

CPLR 5015 (a) (2) provides that the court which issues an order may relieve a party from it upon such terms as may be just where newly-discovered evidence exists which, if introduced at the trial, would probably have produced a different result and which could not have been discovered in time to move for a new trial. Newly-discovered evidence is evidence which was in existence but undiscoverable with due diligence at the time of judgment (see, Pezenik v Milano, 137 AD2d 748;

*see also, Matter of Commercial Structures v City of Syracuse,* 97 AD2d 965, 966). We agree with the Family Court that the abused child's testimony in a subsequent criminal trial, in which she exhibited fear about testifying in front of her father in the open courtroom, and denied that her father had abused her in the previous year, does not meet the criteria for newly-discovered evidence. The appellant could have subpoenaed the child's testimony at the time of the fact-finding hearing in which he was determined to have sexually abused the child, but failed to do so. Moreover, evidence of the child's subsequent recantations does not mandate setting aside the finding of abuse *(see, Matter of Nicole G.,* 187 AD2d 650, 651; *see also, Matter of N. & G. Children,* 176 AD2d 504).

Contrary to the appellant's contention, the testimony of his psychiatric expert at the fact-finding hearing was not newly-discovered evidence, since it was available to him at the time of the hearing, and it merely attacked the credibility of the validation testimony presented by the petitioner *(see, Trapp v American Trading & Prod. Corp.,* 66 AD2d 515). In view of the complete lack of newly-discovered evidence, the Family Court did not improvidently exercise its discretion in denying the appellant's motion pursuant to CPLR 5015 (a) (2) *(see, Matter of Shaune L.,* 150 AD2d 689). Lawrence, J. P., O'Brien, Copertino and Friedmann, JJ., concur.