■ In the Matter of COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, on Behalf of F. CHILDREN, Children Alleged to be Abused and Neglected, Respondent, v CLIFTON F., Appellant. [616 NYS2d 981] —In a child protective proceeding pursuant to Family Court Act article 10, the father appeals from an order of disposition of the Family Court, Queens County (Schindler, J.), dated November 1, 1991, which, after a hearing and upon a fact-finding determination dated April 10, 1991, finding that he had sexually abused his step-daughter and that he had derivatively neglected the other five children, placed the children in the custody of the mother for 12 months, directed that the father have no contact with his step-daughter, and directed that the father's visitation with the other children be supervised.

Ordered that the order is affirmed, without costs or disbursements.

The Family Court's determination that the appellant had

sexually abused his step-daughter, Sequan, is supported by a preponderance of the evidence *(see,* Family Ct Act § 1046 [b]; *Matter of Nicole V.,* 71 NY2d 112, 117). When, as here, the hearing court was primarily confronted with issues of credibility, its factual findings must be accorded great weight on appeal *(see, Matter of Irene O.,* 38 NY2d 776; *Matter of Skye B.,* 185 AD2d 880). We find no basis in the record to disturb the court's resolution of those issues.

The Family Court did not improvidently exercise its discretion in denying the appellant's motion, pursuant to CPLR 5015 (a) (2), for a new hearing based on newly discovered evidence *(see, Matter of Nicole G.,* 187 AD2d 650, 651; *Matter of Shaune L.,* 150 AD2d 689). The evidence upon which the appellant relied in support of his motion did not meet the criteria for newly discovered evidence *(see, Matter of Shaune L., supra).*

Finally, the Family Court did not improvidently exercise its discretion when it denied the appellant's request that an expert of his own choosing be permitted to examine Sequan *(see,* Family Ct Act § 1038 [c]; *Matter of Jessica R.,* 78 NY2d 1031). Rosenblatt, J. P., Lawrence, Copertino and Joy, JJ., concur.