■ Jeffrey Gelmin, Respondent, v Sequa Capital Corporation, Appellant. [636 NYS2d 813] —In an action, *inter alia,* to declare a promissory note invalid, the defendant appeals from so much of an order of the Supreme Court, Suffolk County (Gerard, J.), dated July 25, 1994, as (1) denied the branch of its motion which was to renew the branch of its prior motion which was for attorneys' fees, (2) granted the plaintiff's cross motion to renew and upon renewal denied the branch of the defendant's prior motion which was for summary judgment on its counterclaim, (3) vacated a judgment, entered October 1, 1993, entered upon a prior order of the same court, dated May 11, 1993, which granted the branch of the defendant's prior motion which was for summary judgment on its counterclaim, and (4) dismissed the counterclaim.

Ordered that the order is modified by deleting the provision thereof which dismissed the counterclaim; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant, and the matter is remitted to the Supreme Court, Suffolk County, for a trial to determine whether the plaintiff is obligated on the promissory note.

In late 1990 the plaintiff, Jeffrey Gelmin, applied to the defendant, Sequa Capital Corporation (hereinafter SCC) for a loan of $200,000 to purchase a yacht. Gelmin and SCC executed a personal promissory note for $200,000 with a repayment schedule of 10 years and an annual payment of $36,857.91. Gelmin was given a check for $200,000 payable to him personally.

Thereafter, the president of SCC allegedly directed an SCC vice-president to prepare a corporate promissory note to be made by Gelmin's corporation, GBJ Corp. (hereinafter GBJ), payable to SCC, which was to substitute for the personal note. The corporate promissory note contained a personal guaranty by Gelmin. The SCC vice-president was also directed to prepare the documentation necessary to secure the loan by giving SCC the right to offset any money due on the loan with residual payments due to GBJ from SCC for services GBJ had rendered SCC. While the corporate promissory note was fully executed by Gelmin, as President of GBJ, it appears that the documentation necessary to secure the residual payments as collateral was never completed.

Gelmin defaulted on the loan. He then commenced this action, *inter alia,* to declare his obligation on the personal promissory note void on the ground that the interest rate was usurious. SCC counterclaimed for payment of the note. Gelmin amended his complaint by adding causes of action for equitable relief requiring SCC to accept payment on the first installment of the loan and for damages for SCC's alleged violations of General Business Law § 601.

Thereafter, SCC moved for summary judgment on two of Gelmin's three causes of action and on its counterclaim. The Supreme Court, in an order dated May 11, 1993, granted summary judgment to SCC on its counterclaim and dismissed two of Gelmin's causes of action, but denied the branch of SCC's motion which was for attorneys' fees. Thereafter, SCC moved to settle a judgment based on the May 11, 1993, order. Gelmin cross-moved to renew SCC's motion and to stay the entry or enforcement of the judgment against him. Gelmin's motion to renew was granted and, upon renewal, the court adhered to its prior determination. The court entered the judgment but

stayed its execution pending a determination on Gelmin's third cause of action. Thereafter, SCC moved for summary judgment dismissing Gelmin's third cause of action and sought renewal or reargument of the denial of the branch of its prior motion which was for attorneys' fees. Gelmin cross-moved to renew the branch of SCC's motion which was for summary judgment on its counterclaim and to vacate the judgment citing the corporate promissory note as "newly-discovered" evidence (see, CPLR 5015 [a] [2]). The Supreme Court, in an order dated July 25, 1994, denied the branch of SCC's motion which was for renewal of the branch of its prior motion which was for attorneys' fees, but granted the branch of its motion which was to dismiss Gelmin's third cause of action. The court granted Gelmin's motion for renewal and, upon renewal, denied the branch of SCC's motion which was for summary judgment on its counterclaim, vacated the judgment entered October 1, 1993, and dismissed the counterclaim.

SCC contends that the court erred in granting renewal to Gelmin, denying it legal fees, and dismissing its counterclaim.

The court acted within its discretion in granting Gelmin's motion for renewal based on the newly discovered corporate promissory note. This note appeared as a result of discovery in a related Federal action between SCC and GBJ, which produced a prodigious number of records. The volume of this production, inter alia, contributed to the delay in Gelmin's discovery of the corporate promissory note and its introduction into the instant action. Given that over 100,000 documents were produced as a result of the discovery demand in the Federal action, it can fairly be said that the corporate promissory note was not discoverable with due diligence prior to SCC's original motion for summary judgment on its counterclaim (see generally, Federal Deposit Ins. Corp. v Schwartz, 116 AD2d 619).

The court erred, however, in dismissing the counterclaim based on the mere production of the corporate promissory note. There is conflicting testimony concerning whether the corporate promissory note was intended to supersede the personal note the plaintiff admittedly executed. In addition, questions of fact concerning the collateralization of the loan were raised, which cast doubt as to the intention of the parties in having the corporate promissory note act as a novation for the personal promissory note. In light of the further proceedings necessary in this action, the question of whether SCC is entitled to attorneys' fees cannot be determined at this time. Copertino, J. P., Pizzuto, Santucci and Joy, JJ., concur.