■ Susan F. Altamore et al., Respondents, v Sequa Capital Corporation et al., Appellants. [637 NYS2d 786] —In an action to

recover commissions allegedly due and payable under an oral contract, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Collins, J.), dated August 31, 1994, as granted the branch of the plaintiffs' motion which was for renewal and, upon renewal, denied the defendants' motion to dismiss the complaint for failure to state a cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant Sequa Capital Corporation (hereinafter SCC) was a participant in two separate leveraged leasing transactions in which it was to acquire certain capital equipment and then lease that equipment to third parties. The plaintiff G&L Capital Corporation (hereinafter G&L) alleges that in January 1991, SCC retained it, by oral agreement, to provide consulting services in connection with these transactions. G&L was to receive a commission for each transaction based upon a percentage of the sales price of the leased assets. With respect to one of the transactions, G&L assigned its commission to the plaintiff Susan F. Altamore.

The transactions were consummated, but G&L and Altamore did not receive their commissions. On September 16, 1993, G&L and Altamore commenced this action against SCC and its parent company, Sequa Corporation (hereinafter Sequa), to recover damages based on breach of contract and unjust enrichment. The defendants moved to dismiss the complaint for failure to state a cause of action. By order dated March 18, 1994, the Supreme Court, Nassau County (Collins, J.), granted the motion and dismissed the complaint. The plaintiffs moved to renew or reargue the motion.

By order dated August 31, 1994, the court granted the branch of the plaintiffs' motion which was to renew and, upon renewal, denied the motion to dismiss. We affirm.

The court acted within its discretion in granting the plaintiffs' motion to renew since the motion to renew was based, in part, upon discovery which took place in a related Federal action. In that action over 100,000 documents were produced including the portions of the depositions upon which the motion to renew was based. Given this volume of discovery, it can be fairly said that the portions of the depositions in the Federal action upon which the motion to renew was based were not discoverable with due diligence prior to the defendants' original motion to dismiss (see, Gelmin v Sequa Capital Corp., 223 AD2d 525; see generally, Friedman v U-Haul Truck Rental, 216 AD2d 266).

Further, the record in its present state does not permit this Court to determine whether or not General Obligations Law § 5-701 (a) (10) applies to the matter at bar. Thus, the Supreme Court was ultimately correct in determining that the defendants were not entitled to dismissal of the action *(see, Incorporated Vil. of Brookville v Paulgene Realty Corp.,* 14 AD2d 575, *affd* 11 NY2d 672).

We have examined the defendants' remaining contentions and find them to be without merit. Sullivan, J. P., Pizzuto, Goldstein and Florio, JJ., concur.