■ Coryell P., Respondent, v Louis J. P., Appellant. [648 NYS2d 122] —In a matrimonial action, the defendant appeals from an order of the Supreme Court, Suffolk County (Floyd, J.), dated February 28, 1996, which changed custody of the parties' children from the defendant to the plaintiff, allowed the plaintiff to relocate to Arizona with the children, and granted the defendant visitation at his expense in Arizona. The notice of appeal from a decision dated January 31, 1996, is deemed a premature notice of appeal from the order.

Ordered that the order is affirmed, with costs.

The parties' divorce trial culminated in the granting of custody of their two sons to the plaintiff with limited visitation to the defendant. Although the plaintiff's applications to relocate to Arizona with the children were denied, the plaintiff nonetheless moved to Arizona with them. Thereafter, the defendant applied for a change of custody. By order dated December 7, 1995, custody was changed to the defendant, with a direction that the plaintiff return to New York with the children for a determination of their "residential status". Following a hearing on January 29, 1996, before a new Judge, the plaintiff regained custody of the children with an order allowing her to relocate to Arizona with them. The defendant was given reasonable visitation at his expense in Arizona. By decision and order on motion dated March 6, 1996, this Court denied the defendant's motion to stay enforcement of that determination.

On appeal, the defendant first argues that it was improper

for the new Judge to allow the plaintiff to regain custody and to permit relocation, when the hearing on January 29, 1996, was supposed to be limited to the children's residential status pursuant to the prior order of the court. We find that although this action by the trial court violated the law of the case doctrine, the totality of the circumstances warrants the placement of the children with the plaintiff and the relocation to Arizona because it is in the best interests of the children (see, Matter of Paul Seth G. v Antoinette M., 227 AD2d 620; Tropea v Tropea, 87 NY2d 727). This Court is not bound by the prior unappealed order of the Supreme Court, and may affirm an order which is substantively correct, even though by doing so the effect of the prior unappealed order is undermined (see, D'Guardia v Piffath, 180 AD2d 630, 633-634; Haibi v Haibi, 171 AD2d 842, 843).

Here, the children clearly wished to remain with the plaintiff and threatened the infliction of bodily harm on themselves if forced to live with the defendant. There was evidence that the defendant's residence was filthy and that the children did not feel comfortable showering or bathing therein. A forensic psychologist testified as to her recommendation that custody be placed with the plaintiff, and in a previous forensic report she had also recommended that relocation be strongly considered. The Law Guardian also recommended that custody be with the plaintiff and that the children be allowed to return to Arizona with the plaintiff. The Law Guardian was so vehemently opposed to the defendant having custody that she recommended that in the event that the children were required to remain in New York, they should be placed in foster care. Thus, although the plaintiff wrongfully relocated to Arizona with the children, this is only one factor to be considered among the totality of the circumstances when determining the best interests of the children. The strong testimony of the children, the forensic psychologist, and the Law Guardian support the trial court's conclusion.

The limitations imposed upon the defendant's cross-examination of witnesses was a proper exercise of the Supreme Court's discretion (see, Matter of Nicole G., 187 AD2d 650, 651). Miller, J. P., Altman, Hart and McGinity, JJ., concur.