■ EVERGREEN BANK, N. A., Respondent, v HENRY N. DASHNAW, JR., et al., Appellants, et al., Defendants. [691 NYS2d 637] —Carpinello, J. Appeals (1) from an order of the Supreme Court (Dawson, J.), entered April 17, 1998 in Clinton County, which denied certain defendants' motion to vacate a prior order dismissing their counterclaims, and (2) from an order of said court, entered October 26, 1998 in Clinton County, which denied defendants' motion for reargument.

The facts underlying the instant mortgage foreclosure action are more fully set forth in a prior decision of this Court (246 AD2d 814). On the prior appeal, defendants Henry N. Dashnaw, Jr. and Kevin N. Dashnaw (hereinafter collectively referred to as defendants), sole partners of Northwood Estates, unsuccessfully attempted to convince this Court that all participants in the chapter 11 bankruptcy proceeding filed by Northwood Estates understood that the lender liability counterclaims interposed in this action survived the subsequent confirmation of the bankruptcy plan of reorganization. We affirmed a January 23, 1997 order of Supreme Court granting plaintiff's motion to dismiss the lender liability counterclaims on the ground of res judicata (id., at 814-815) because defendants' debt to plaintiff was listed as a partnership liability in the bankruptcy proceeding, the counterclaims were listed as partnership assets and defendants personally received a co-debtor stay of the instant action. Our decision was handed down on January 15, 1998.

Following the November 13, 1997 oral argument of the prior appeal before this Court, Kevin Dashnaw apparently reviewed the files of Northwood Estates and "discovered" for the first time a December 23, 1996 amended order of Bankruptcy Court. The order contained the following paragraph which defendants characterize as "critical" to the instant mortgage foreclosure action: "ORDERED, that, to the extent that the individual partners receive funds from the pending state court lender liability claims against [plaintiff] and Marine Midland Bank * * * any such recoveries shall be turned over to this bank-

ruptcy estate to accelerate the payment to Class 15 creditors." Claiming this language to be an *explicit* recognition by Bankruptcy Court that their lender liability counterclaims survived plan confirmation such that Supreme Court and this Court erred in dismissing same under res judicata principles, defendants moved on February 18, 1998 to vacate the January 23, 1997 order pursuant to CPLR 5015 (a). Supreme Court's denial of this motion as well as a subsequent motion to reargue has prompted these appeals by defendants.

While a court may vacate a prior order upon the ground of newly discovered evidence (CPLR 5015 [a] [2]), fraud, misrepresentation or other misconduct of an adverse party (CPLR 5015 [a] [3]), modification of a prior order upon which it is based (CPLR 5015 [a] [5]) or in the interest of justice (*see, e.g., B.U.D. Sheetmetal v Massachusetts Bay Ins. Co.*, 248 AD2d 856; *Paramount Communications v Gibraltar Cas. Co.*, 212 AD2d 490, *affd* 90 NY2d 507), defendants have not demonstrated that vacatur of the January 23, 1997 order is warranted on any of these grounds. In particular, the amended order is not "newly-discovered evidence" within the meaning of CPLR 5015 (a) (2).

In order to vacate a prior judgment or order based upon newly discovered evidence, the movant has the burden of establishing that the new evidence would have produced a different result (*see, e.g., Matter of Dyno v Village of Johnson City*, 255 AD2d 737) and that such evidence could not, despite due diligence, have been discovered earlier (*see, e.g., Gelmin v Sequa Capital Corp.*, 223 AD2d 525, 527). Here, defendants were served with Northwood Estates' motion to modify the confirmed plan on October 2, 1996 and defendants personally were in possession of the December 23, 1996 amended order upon which they now rely as of January 9, 1997. This being the case, the amended order fails to meet the criteria for newly discovered evidence under the statute (*see, e.g., S.A.B. Enters. v Stewart's Ice Cream Co.*, 242 AD2d 845, *lv dismissed* 91 NY2d 848; *Rubinow v Harrington*, 194 AD2d 822; *Federal Deposit Ins. Corp. v Schwartz*, 116 AD2d 619, 620; *compare, Gelmin v Sequa Capital Corp., supra*). In any event, we are unpersuaded that the amended order of Bankruptcy Court would have produced a different result in this litigation.

First, we find it significant that Bankruptcy Court did not *sua sponte* insert the subject paragraph in the amended order; rather, the language was suggested by the attorney for Northwood Estates in the latter's motion papers. The essence of the motion for modification concerned *counsel fees* in the bank-

ruptcy proceeding and had nothing to do with either substantive or procedural issues relating to the instant mortgage foreclosure action or its lender liability counterclaims. We do not read the language in the amended order as either an explicit or implied recognition that these claims were intended to survive plan confirmation such that they were immune from dismissal in State court.

Nor did Northwood Estates, in requesting that this language be included in the amended order, suggest that such language memorialized an understanding between the parties that such claims survived confirmation. To suggest otherwise would require an unfair reading of both the underlying motion and the amended order. Bankruptcy Court specifically stated that it was "[d]oing nothing of substance" when it amended its order to provide that any funds received would go to the benefit of creditors. Furthermore, plaintiff's mere awareness of the existence of the amended order does not constitute fraud or misrepresentation warranting vacatur under CPLR 5015 (a) (3) or in the interest of justice.*

As a final matter, no appeal lies from the denial of a motion to reargue; accordingly, defendants appeal from Supreme Court's order denying same must be dismissed (*see, e.g., Deyo v County of Broome*, 225 AD2d 865, n 2; *Matter of American Cars 'R' Us v Chu*, 147 AD2d 797, 799).

Cardona, P. J., Peters, Spain and Graffeo, JJ., concur. Ordered that the order entered April 17, 1998 is affirmed, with costs. Ordered that the appeal from the order entered October 26, 1998 is dismissed.

---

* Even if res judicata itself did not bar the counterclaims, they were nevertheless properly dismissed under the doctrine of judicial estoppel because defendants took inconsistent positions in different forums (*see, Cafferty v Thompson*, 223 AD2d 99, 102, *lv denied* 88 NY2d 815). Although the primary basis of this Court's prior decision was our conclusion that defendants' counterclaims were barred by res judicata, we also rejected defendants' additional appellate arguments. One such contention there advanced, and rejected by this Court, was that Supreme Court erred in alternatively dismissing the counterclaims under the doctrine of judicial estoppel.