◼ In the Matter of AYODELE ADEMOLI J., an Infant. CATHOLIC GUARDIAN SOCIETY AND HOME BUREAU, Respondent; ELIZABETH O., Appellant. [870 NYS2d 68]—

The Family Court did not improvidently exercise its discretion in denying the appellant's motion pursuant to CPLR 5015 (a) (2). CPLR 5015 (a) (2) provides that the court that issues an order may relieve a party from it upon such terms as may be

just where newly-discovered evidence exists which, if introduced at the trial, would probably have produced a different result and which could not have been discovered in time to move for a new trial. Newly-discovered evidence is evidence which was in existence but undiscoverable with due diligence at the time of judgment (*see Sieger v Sieger,* 51 AD3d 1004, 1005 [2008]; *Matter of Jenna R.,* 207 AD2d 403, 404 [1994]; *Pezenik v Milano,* 137 AD2d 748 [1988]). The newly-discovered evidence must be material, cannot be merely cumulative, and cannot be of such a nature as would merely impeach the credibility of an adverse witness (*see Matter of Catapano,* 17 AD3d 673, 674 [2005]).

We agree with the Family Court that the report of a psychiatric expert, which was not in existence at the time of the Family Court's order of fact-finding and disposition, does not meet the criteria for newly-discovered evidence (*see Matter of Jenna R.,* 207 AD2d 403 [1994]; *Pezenik v Milano,* 137 AD2d at 748-749). We further note that the report merely attacked the credibility of the expert testimony presented by the petitioner, and provided evidence cumulative to the expert testimony presented by the appellant (*see Matter of Jenna R.,* 207 AD2d 403 [1994]). Miller, J.P., Dickerson, Leventhal and Belen, JJ., concur.