Luna v Ponce Funeral Homes, Inc. (2019 NY Slip Op 07774)





Luna v Ponce Funeral Homes, Inc.


2019 NY Slip Op 07774


Decided on October 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JEFFREY A. COHEN
ROBERT J. MILLER, JJ.


2018-06426
 (Index No. 6679/15)

[*1]Ercilia Luna, appellant, 
v
Ponce Funeral Homes, Inc., defendant third-party plaintiff-respondent; American Airlines, Inc., third-party defendant-respondent.


Helen F. Dalton & Associates, P.C., Kew Gardens, NY (Stephen J. Riegel and Roman Avshalumov of counsel), for appellant.
Weiser McCarthy, New York, NY (David Weiser of counsel), for defendant third-party plaintiff-respondent.
Mound Cotton Wollan & Greengrass LLP, New York, NY (Olga Sekulic and Francis A. Montbach of counsel), for third-party defendant-respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and negligence, the plaintiff appeals from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated March 25, 2018. The order denied the plaintiff's motion pursuant to CPLR 5015(a) to vacate an order of the same court dated October 14, 2016, inter alia, granting the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order dated March 25, 2018, is affirmed, with one bill of costs.
The plaintiff commenced this action, inter alia, to recover damages for breach of contract and negligence against the defendant funeral home, alleging, among other things, that the defendant mishandled the remains of her deceased husband. The defendant commenced a third-party action against American Airlines, Inc. (hereinafter American), which transported the remains to the Dominican Republic. The defendant subsequently moved for summary judgment dismissing the complaint. By order dated October 14, 2016, the motion was granted upon the plaintiff's default in opposing it. By notice of motion dated February 16, 2018, the plaintiff moved pursuant to CPLR 5015(a) to vacate the October 14, 2016, order, on the basis of "newly discovered evidence" in the form of an expert's affidavit.
The defendant and American correctly contend that the expert's affidavit, created after the order awarding summary judgment on the plaintiff's default, did not constitute "newly discovered evidence" (see Bank of N.Y. v Tobing, 155 AD3d 596; EMC Mtge. Corp. v Asturizaga, 150 AD3d 824, 825; Matter of Ayodele Ademoli J., 57 AD3d 668, 669). Moreover, the plaintiff failed to demonstrate that she exercised due diligence in obtaining the affidavit, which was not presented to the Supreme Court until more than one year after the summary judgment motion was decided (see Ferdico v Zweig, 82 AD3d 1151, 1152).
The plaintiff's contention that the October 14, 2016, order should have been vacated in the interest of justice, raised for the first time on appeal, is not properly before this Court (see Pinzon v IKEA N.Y., LLC, 163 AD3d 733).
Accordingly, we affirm the March 25, 2018, order denying the plaintiff's motion to vacate.
RIVERA, J.P., BALKIN, COHEN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court