(May 27, 1986)

■ SATISH C. AGARWAL et al., Appellants, v QUAIL HOMES OF LONG ISLAND, INC., et al., Respondents.—In an action to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Orange County (Palella, J.), dated April 29, 1985, which denied their motion to vacate a judgment of the same court, entered February 8, 1984, and grant a new trial, on the ground of newly discovered evidence.

Order affirmed, with costs.

On a motion for a new trial on the ground of newly discovered evidence, the movant must establish, *inter alia,*

that the evidence, if introduced at trial, "would probably have produced a different result" (CPLR 5015 [a] [2]), and that it goes to the heart of the factual issues in the trial *(Cesla v Frydman,* 47 AD2d 742, *appeal dismissed* 36 NY2d 982).

The new evidence here was an agreement between the defendant Masterpiece Homes, Inc. (hereinafter Masterpiece), the entity originally obligated to build a house for the plaintiffs, and Lake Club Properties, Inc. (hereinafter Lake Club), which purchased the parcel of land from Masterpiece. It merely specified Masterpiece's and Lake Club's respective financial obligations upon the occurrence of various possible contingencies. It did not alter the provision of the original construction contract with the plaintiffs that limited liability upon Masterpiece's breach to a return of the purchaser's down payment. Nor did it reveal anything that would have made specific performance of the construction contract more appropriate *(see, Beck v Allison,* 56 NY 366; *see,* 11 Williston, Contracts § 1422 A, p 764 [3d ed 1968]). The plaintiffs' motion was, therefore, properly denied. Mollen, P. J., Thompson, Rubin and Lawrence, JJ., concur.