■ AVIVA TEICHNER, an Infant, by Her Mother and Natural Guardian, INGRID TEICHNER, et al., Respondents, v W & J HOLSTEINS, INC., et al., Defendants, and AARON J. BRODER, Appellant.—Orders, Supreme Court, New York County (Martin Evans, J.), both entered January 21, 1988, which, *inter alia,* denied motions of respondent Aaron Broder to recuse Justice Evans from this action and for a new trial on grounds of newly discovered evidence, unanimously affirmed, without costs.

The claim of judicial bias was previously considered and rejected by this court on plaintiff's direct appeal from that court's order of January 26, 1986. (128 AD2d 1030 [1987], *lv denied* 70 NY2d 606 [1987].) The Supreme Court at that time found that plaintiffs had discharged Broder for cause and that he was therefore not entitled to attorney's fees. (On remand as directed in 64 NY2d 977 [1985].) The requested recusal from this postjudgment motion was based on an incompetent source, a newspaper editorial. Insofar as the proffered "newly discovered" evidence concerned the admissibility of testimony to impeach or refresh the recollection of appellant's own witness, it was neither probative nor admissible. Other "evidence", which sought to establish that the order was the result of a fraud upon the court by the adverse party, was material related to hearings held four years before the trial resulting in the January 26, 1986 order. At best, that material served to undermine the credibility of an adverse witness, an insufficient basis for a new trial (CPLR 5015 [a] [2]; *Mully v Drayn,* 51 AD2d 660 [4th Dept]). Concur—Ross, J. P., Asch, Milonas, Kassal and Smith, JJ.