■ JOSEPH DiIORIO, Respondent, v GIBSON & CUSHMAN OF NEW YORK, INC., et al., Appellants.—Order, Supreme Court, New York County (Ira Gammerman, J.), entered on February 9, 1989, which denied a motion by defendant Gibson & Cushman Dredging Corp. seeking to vacate a judgment against it, entered after a jury trial, in the sum of $2,478,696, is unanimously affirmed, without costs.

Contrary to defendant's contentions the IAS court did not abuse its discretion in refusing to vacate the judgment of February 8, 1988 pursuant to CPLR 5015 (a) (2) and (3) on the ground of newly discovered evidence or fraud allegedly perpetrated by plaintiff in bringing the underlying action. The sole basis for the vacatur motion was a general release given by plaintiff to his employer, nonparty Atlantic Gulf and Pacific Company, as part of a $600,000 settlement, on November 22, 1975, more than 13 years prior to defendant's vacatur motion. Defendant failed to show that this "newly discovered evidence" could not have been discovered before the trial by the exercise of due diligence, or that it was not put on notice,

actual or constructive, of the acts constituting plaintiff's alleged fraud, particularly where the record reveals that plaintiff had formally apprised defendant, as early as April 1979, of the earlier settlement effectuated by the release *(Oppenheimer v Westcott,* 47 NY2d 595; *Mienik v Mienik,* 91 AD2d 604; *Cornwell v Safeco Ins. Co.,* 42 AD2d 127; *Buckman v Perry's Taxi,* 24 AD2d 913). In any event, we find that the release in question does not expressly or impliedly release defendant from liability for plaintiff's injuries (General Obligations Law § 15-108 [a]). Concur—Sullivan, J. P., Ross, Kassal, Ellerin and Wallach, JJ. *[See,* — AD2d — (Oct. 23, 1990).]