■ JOSEPH DiIORIO, Respondent, v GIBSON & CUSHMAN OF NEW YORK, INC., et al., Appellants.—Reargument of this court's order (161 AD2d 532), entered on May 29, 1990, granted only to extent indicated in the following memorandum decision: Defendants' motion for reargument granted to the limited extent of striking the last sentence of our memorandum decision filed on or about May 29, 1990 (supra, at 533) and adding the following supplemental matter thereto; otherwise the motion is denied and the original decision adhered to.

On appeal, defendants originally argued that plaintiff's judgment should be vacated on the ground of newly discovered evidence (the release) under CPLR 5015 (a) (2) and fraud ([a] [3]).

Defendants' contention that, because plaintiff had, before the commencement of this action, settled his earlier action

against a joint tort-feasor for $600,000 and had executed and delivered a release including defendants among the class of parties released, such conduct rendered the very maintenance of this action "a fraud upon the court" is fundamentally flawed. Understandably, defendants' characterization of the release as "newly discovered evidence" is not pressed on reargument, and indeed it could not be, in light of the fact that on April 23, 1979, plaintiff made full disclosure of his $600,000 settlement with Atlantic, the joint tort-feasor. Plaintiff was never asked to produce, and therefore cannot be said to have wrongfully concealed, the release and its contents. Defendants were simply lacking in due diligence in not making timely discovery of the document. Under CPLR 3018 (b) release is an affirmative defense; plaintiff had no duty to assist defendants in pleading and proving the applicability of that defense under the relevant provisions of General Obligations Law § 15-108 (a). Defendants' argument that the commencement of the action with knowledge of the release (indeed the slightest degree of plaintiff's "scienter" may be doubted in view of the complaint's repeated allegations that defendants were collectively a "charterer" of *The M.V. Pittsburgh* when the release, by its terms had absolved "charterers") constituted a fraudulent representation as to the ultimate validity of the action is simply untenable. To undertake an action against a party with actual or constructive knowledge that a defense to the action may exist does not constitute a fraud upon the court; a defense may be waived by failure to plead and prove it, as is the case here.

On reargument defendants claim that we overlooked the contention that under CPLR 5015 (a) (3) not only "fraud" but "other misconduct" provides a ground for vacatur of the judgment, citing *Oppenheimer v Westcott* (47 NY2d 595). *Oppenheimer* involved the outright perjury of plaintiff as to his ownership of certain securities in the course of his testimony at an inquest for damages; this type of "misconduct" (or fraud) is totally distinguishable from the situation at bar.

Finally, we withdraw the last sentence of our original memorandum decision as inconsistent with the Court of Appeals decision in *Wells v Shearson Lehman/American Express* (72 NY2d 11, 14), where a release which by its terms discharged the defendants named in a Delaware class action, their " 'agents * * * representatives * * * *or anyone else'* " (emphasis added), was held unambiguously to cover and protect unnamed financial advisors in New York. Under the *Wells* standard the reference to "charterers" in the release

before us can scarcely be held to refer to anyone other than defendants, and we recognize that the plaintiff seaman executed the release with full advice of counsel. Concur—Sullivan, J. P., Ross, Kassal, Ellerin and Wallach, JJ.