■ ORIMEX TRADING, INC., Respondent, v BEN BERMAN,

Appellant.—Order, Supreme Court, New York County (Francis Pecora, J.), entered on August 21, 1989, which, *inter alia,* denied defendant's motion to vacate a default and to vacate and set aside the default judgment on the ground of newly discovered evidence, unanimously affirmed, with costs.

It is within the IAS court's discretion to determine whether or not a party has shown a reasonable excuse for a default *(Sanders & Assocs. v Hague Dev. Corp.,* 100 AD2d 964, 965). Here, defendant's excuse for his default was that he was not properly served. The record supports the IAS court's conclusion to the contrary, and we find no reason to disturb that conclusion on appeal.

The motion to vacate the 1972 judgment, based on evidence that an employee of plaintiff submitted false testimony in an affidavit filed with the United States District Court for the Southern District in a previous Federal litigation that was dismissed for lack of Federal jurisdiction, is also unavailing. Even if we were to find the purportedly newly discovered evidence offered by defendant relevant, defendant has not presented a reasonable explanation for the 17-year delay in bringing these matters to the attention of the court *(see, DiIorio v Gibson & Cushman,* 161 AD2d 532, *amended* 166 AD2d 334). Concur—Sullivan, J. P., Milonas, Rosenberger, Ellerin and Rubin, JJ.