■ MARTIN GARAY, Appellant-Respondent, v CHESTER SOLING et al., Respondents-Appellants.—Judgment, Supreme Court, New York County (Martin Evans, J.), entered on or about March 27, 1990, which confirmed a Referee's "Decision and Judgment", directed that certain moneys constituting a "management fee" be returned to plaintiff in his capacity as a representative of the partnership, i.e., not his individual capacity, awarded costs to plaintiff, and further awarded fees, to be borne equally by the parties, in the amount of $20,000, to the Referee, unanimously modified, on the law, the facts and in the exercise of discretion, to the extent of ordering that the management fees be returned to the partnership on account of the individual partners and that the case be remanded for a hearing to determine whether there were any additional expenses incurred by defendant-respondent-cross-appellant Soling related to the sale of the subject professional apartment, and otherwise affirmed, without costs.

This appeal comes before us from a judgment of the Supreme Court which confirmed a decision and judgment of the Referee Harry B. Frank, Esq., duly filed in the New York County Clerk's office on February 16, 1990. The within lawsuit was commenced by plaintiff-appellant-respondent Martin Garay seeking an accounting and damages arising from alleged breach of defendant-respondent-cross-appellant Chester Soling's

fiduciary duty to a partnership composed of four parties, all of whom are now deceased, save for Soling. The original partners contributed $50,000 each and pursuant to a partnership agreement dated June 12, 1968, purchased and operated an apartment building located in New York County. In 1981, Soling and the personal representatives of the deceased partners agreed to convert the building into a cooperative. Soling, a professional real estate developer, undertook the task of converting the building.

Insofar as Garay contends that Soling was not entitled to collect certain conversion fees, and in fact, challenged their very existence, the record amply demonstrates that the conversion fee of 2% was assented to by three out of the four partners and was not inconsistent with Soling's fiduciary obligations to the partnership. *(See, Birnbaum v Birnbaum,* 73 NY2d 461, 465-466, *rearg denied* 74 NY2d 843 [1989].)* However, Soling is not entitled to collect additional management fees as he would claim entitlement to. Compelling evidence in this regard is that while the partnership agreement contemplated management fees for two of the four partners, Soling was neither of those named; thus, absent written documentation demonstrating a change in the partnership agreement, there is no support for Soling's claim to management fees.

However, we find ourselves in disagreement with the Referee's determination that Garay be awarded 100% of the management fees. Indeed, Supreme Court apparently recognized this to be improper when it ruled that "the management fee * * * is to be returned to the plaintiff as a representative of the partnership and not individually." We modify this to the extent of ordering that the management fee be returned to the partnership on account of the individual partners.

A modification is also warranted in that a remand for a hearing is necessary to determine whether Soling incurred any additional expenses associated with the sale of the professional apartment owned by the partnership. The expenses at issue—for legal fees generated by the contracts of sale for the apartment, the cost of refurbishing the apartments, flip tax costs imposed by the co-op board and the brokers' commissions on the sale—were all summarily disallowed by the Referee for, *inter alia,* failure to produce evidence. We hold that this essentially deprived Soling of the opportunity to document the additional expenses and now requires a further hearing.

Finally, though both parties urge that the award to the Referee, in the amount of $20,000, was excessive and, in any event, beyond the statutory rate, we are of the view that the

court properly confirmed the fee application. In this regard, we first note that while CPLR 8003 (a) provides for a statutory rate of $50 compensation per day, it also allows for the court or the parties to set a Referee's fees beyond the statutory rate. *(Matter of O'Dwyer v Robson,* 103 AD2d 1036 [4th Dept 1984].) The provision authorizing the court to so fix a different, i.e., higher compensation does not require the compensation to be established before the referred matter is heard. *(See,* CPLR 8003 [a].)

We hold that the fee herein was justified by the extent of the services performed, which approached 100 hours, and further, appropriate in view of the complexity of the case and the Referee's background and qualifications. In this case, the parties submitted extensive and complex memoranda of law requiring substantial research and analysis by the Referee over and above the comprehensive hearing conducted. Concur —Kupferman, J. P., Carro, Kassal and Smith, JJ.