■ H & Y REALTY COMPANY et al., Respondents-Appellants, v THEADORA BARON, Appellant-Respondent, et al., Defendant. GILBERT HOLMES, as Referee, Nonparty Respondent. [597 NYS2d 343] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered January 7, 1992, which granted the Referee's motion setting his fee and apportioned the amount equally between the parties, unanimously modified, on the law and the facts and in the exercise of discretion, to the extent of reducing the Referee's fee to $60,000 and, as so modified, the order is otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

Order of the same court, entered February 3, 1992, which denied the motion of defendant Theadora Baron (hereinafter defendant) pursuant to CPLR 5015 (a) to vacate the judgment (Irving Kirschenbaum, J.), entered December 2, 1987, unanimously affirmed, without costs.

Order of the same court, entered April 16, 1992, which, *inter alia,* confirmed the finding of the Referee's 1991 report that defendant was excluded from the upper floors of the subject property effective January 1, 1983, and directed a further hearing as to their fair market rental value; that defendant had not unreasonably refused to execute a lease with a prospective tenant; and, directed that interest on the obligations to be determined at such further hearings before the Referee, owing between and among the parties, shall be assessed at the judgment rate as of the date the obligations were incurred, unanimously modified, on the law and the facts and in the exercise of discretion, to the extent of directing that interest on all obligations owing between and among the parties other than the rent fixed in Justice Kirschenbaum's order and hereto affirmed by this Court, shall be assessed at the judgment rate as of the date such obligations were incurred and, as so modified, the order is otherwise affirmed, without costs.

Insofar as the order of April 16, 1992 limited the award of prejudgment interest to those obligations still to be determined at further hearings before the Referee, i.e., the amounts owing among the parties for property taxes on the subject property and defendant's claim for the fair market rental value of the upper floors of the subject property from which she was excluded, it should be modified so as to provide that prejudgment interest should be assessed on all obligations owing between and among the parties, including those obligations previously determined.

As to defendant's motion pursuant to CPLR 5015 (a) to vacate the judgment entered December 2, 1987 on the ground of fraud, she did not carry her heavy burden of establishing the genuineness and materiality of her new evidence and that despite due diligence she could not have discovered the same in preparing for the 1987 trial resulting in the judgment *(Buckman v Perry's Taxi,* 24 AD2d 913, 914; *see also, DiIorio v Gibson & Cushman,* 161 AD2d 532, *lv dismissed* 76 NY2d 888, *mod* 166 AD2d 334, *appeal and lv dismissed* 77 NY2d 989), since she should have been on notice of the relevant facts, given plaintiffs' right to sublease and the common practice of subletting or licensing space in retail establishments. Under the circumstances, a hearing was not necessary to determine whether the evidence was newly discovered *(cf., Matter of Commercial Structures v City of Syracuse,* 97 AD2d 965). In any event, defendant never requested the information despite the opportunity to do so in the course of discovery *(cf., DiIorio v Gibson & Cushman, supra; Greenwich Sav. Bank v JAJ Carpet Mart,* 126 AD2d 451, 453). The alleged fraud or misconduct is not clearly demonstrated *(see, e.g., Marine Off. of Am. Corp. v Regal Accessories,* 162 AD2d 232, 233).

The IAS Court was authorized to determine the Referee's compensation after commencement of the reference *(Garay v Soling,* 169 AD2d 616, 618, *clarified* 172 AD2d 342), and it was proper for the Referee to be paid prior to the partition sale since he had been appointed to conduct an accounting (CPLR 8003 [a]), not just the sale *(see,* RPAPL 981 [3]). The equal apportionment of the Referee's fee, despite the parties' unequal shares in the subject property, was likewise a proper exercise of the court's discretion, given that neither side has prevailed completely *(see,* CPLR 8103, 4321). As to the amount of the court's award, however, we deem the reduced amount of $60,000 a more appropriate amount given the complexity of the case, the number of hours spent and the Referee's background and qualifications.

The Referee was best situated to resolve conflicting inferences with regard to defendant's refusal to execute a lease with the tenant proffered by plaintiffs, and the IAS Court's confirmation of his factual determination should not be disturbed.

Finally, plaintiffs' ouster of defendant, by installing a locked rolling steel gate to which defendant was given no key, rendered plaintiffs responsible for all charges on the property, including defendant's share of the fair market value of the upper floors from which she was excluded *(see, H & Y Realty*

*Co. v Baron,* 160 AD2d 412, 414). Concur—Sullivan, J. P., Carro, Wallach and Kupferman, JJ. [As amended by order entered Oct. 7, 1993.]