■ ROBERT HUNT Co., as Assignee of LAURENCE R. SMITH, INC., Appellant, v S & R COACHWORKS, INC., Doing Business as S & R BUILDERS, et al., Respondents. [625 NYS2d 662] —In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Putnam County (Hickman, J.), dated October 18, 1993, which denied its motion for summary judgment.

Ordered that the appeal from so much of the order as denied that branch of the plaintiff's motion which was for summary judgment against the defendant Paul Sandlofer is dismissed as that defendant has been discharged in bankruptcy by order of the United States Bankruptcy Court for the Southern District of New York, dated November 14, 1994, and the matter is remitted to the Supreme Court, Putnam County for entry of an appropriate judgment dismissing the action against that defendant; and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment against the defendant S & R Coachworks, Inc., d/b/a S & R Builders and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, and the matter is remitted to the Supreme Court, Putnam County for entry of an appropriate judgment in favor of the plaintiff in the principal sum of $38,084.30; and it is further,

Ordered that the plaintiff is awarded one bill of costs payable by the defendant S & R Coachworks, Inc., d/b/a S & R Builders.

In October 1988, Paul Sandlofer, president and sole stockholder of the corporate defendant, ordered windows from the plaintiff's assignor for use in the construction of his home. The windows were delivered to the job-site in February 1989. Several months later, in November 1989, Sandlofer gave the plaintiff's assignor a corporate check in the sum of $18,000 in partial payment. The check was returned from the bank for insufficient funds. The defendants never paid for the windows and the plaintiff commenced this action to recover the approximately $38,000 due for the windows. The plaintiff moved for summary judgment and the defendants opposed the motion,

arguing that the windows were defective. The Supreme Court denied the motion, and we now modify.

UCC 2-602 (1) provides that "[r]ejection of goods must be within a reasonable time after their delivery or tender. It is ineffective unless the buyer seasonably notifies the seller". UCC 2-606 (1) (b) provides that an "[a]cceptance of goods occurs when the buyer * * * fails to make an effective rejection".

We find that the defendants failed to create a triable issue of fact warranting denial of the plaintiff's motion for summary judgment. The defendants failed to present any evidence that it effectively rejected the windows pursuant to the UCC. Indeed, the defendants presented no evidence that they rejected the windows they now claim to be defective. Moreover, the defendants' belated and self-serving conclusory claims that the windows were defective are insufficient to defeat the plaintiff's motion for summary judgment. Bracken, J. P., Rosenblatt, Krausman and Goldstein, JJ., concur.