OPINION OF THE COURT
Howard Miller, J.
Motion by nonparty Errol Blank for an order vacating the April 18, 1995 order of this court is denied. Plaintiffs allege that they held 72,000 shares of stock as security for a loan to defendant David Levy; that defendant Arthur Rottenstein, a stockbroker and financial adviser, induced plaintiffs to deliver the stock to him; that Rottenstein thereafter delivered the stock to Levy, who delivered it to attorney Errol Blank. In the course of this action, Blank was deposed by plaintiffs and acknowledged receiving 72,000 shares of stock from defendant Levy, but declined to produce any records indicating (1) whether the 72,000 shares that he received were the same 72,000 shares entrusted by plaintiffs to Rottenstein; (2) the sale of the stock; and (3) the disposition of the proceeds of the sale.
Plaintiffs were compelled to move to obtain the foregoing information, which was resisted by Blank. By order dated March 21, 1994, Blank was directed to produce specific records relating to the stock by April 25, 1994. Some records, which according to Blank were in excess of 170 pages, were produced May 1, 1994. Two more written requests were made by plaintiffs in an attempt to secure the balance of the records. On June 8, 1994 Blank advised plaintiffs’ attorney that copies of checks required by the March 21, 1994 order to be produced were not *47 in his possession, and would be made available through the bank only if plaintiffs paid the cost thereof.
On June 14,1994, plaintiffs moved to hold Blank in contempt. The parties disputed whether Blank had produced all documents required by the March 21, 1994 order. The documents submitted by plaintiffs and Blank on the motion were voluminous, disorganized, and would have required the expenditure of several days of court time to examine each and every document and track dozens of stock sales and exchanges. On July 8, 1994, a Referee to supervise disclosure was appointed pursuant to CPLR 3104, and directed to examine the discovery orders and the documents submitted. The Referee’s fees and the party or parties responsible were to be determined upon the conclusion of the Referee’s duties.
After the Referee embarked upon her duties, Blank produced copies of a number of checks on August 1, 1994. On August 30, 1994, the Referee filed her report, indicating that a number of documents required to be produced by Blank were not. Additional documents and checks were delivered to the Referee by Blank on November 2, 1994. On December 14, 1994, the Referee filed a supplemental report indicating that Blank had still failed to provide the documents required by the March 21, 1994 order.
On February 27, 1995, after Blank had complied with the discovery order, plaintiffs’ motion to hold Blank in contempt was denied.
The Referee’s total fees of $9,724 were directed to be paid $6,112 by Blank and $3,612 by plaintiffs. A review of the Referee’s time charges indicates the extraordinary amount of time necessarily expended by the Referee to go through the mass of unorganized documents produced by Blank. Blank now seeks to vacate the April 18, 1995 order which required him to pay $2,112, the balance of his share due the Referee, upon the grounds that (1) the court lacked authority to require him to pay the Referee’s fee; (2) there was no reason "such fees should be foisted upon” him; and (3) the fee was in excess of the fees set by statute. Blank also contends that the Referee’s fees for court appearances related to the contempt hearing are not related to supervision of disclosure, and that since no hearings were held before the Referee, the fee set was unwarranted.
CPLR 3104 (a) authorizes the court, on its own initiative without notice, to appoint a Referee to supervise all or part of any disclosure procedure. Clearly Blank was the sole witness in possession of essential documents critical to this case which, *48 for whatever reason, were not timely produced. The documents produced were highly technical and presented in such a fashion that it required the Referee innumerable hours to sort and sift through the documents to determine whether they were, as plaintiffs claimed, nonresponsive to the demand, or whether, as Blank claimed, they complied with the demand. It is not the function of the court to expend days sifting through discovery materials; the appointment of the Referee was necessary so that an independent officer of the court could fashion a coherent report sufficient to enable the court to conduct a contempt hearing. When it is necessary to go over materials on an item-by-item basis, as in this case, a Referee is appropriate (Whalen v Kawasaki Motors Corp., 175 AD2d 667). The motion practice engendered by plaintiffs’ attempts to secure discovery materials demonstrated the lack of cooperation and need for repeated rulings, a further basis for appointment of a Referee (Lee v Lee, 93 AD2d 221). The fact that the Referee did not hold hearings is immaterial. Her task was to report whether Blank had complied with this court’s order, a task which she fulfilled.
Had Blank timely complied with plaintiffs’ discovery requests, in a coherent manner, the appointment of a Referee would have been unnecessary. By failing to do so, he is properly required to bear the portion of the Referee’s fee (Kolomick v Kolomick, 133 AD2d 69). Inasmuch as plaintiffs had the benefit of the Referee’s services, they were properly charged with a portion of the fee (Keeler v Bell, 48 Misc 427).
The order of appointment clearly specified, in accordance with CPLR 3104, 4321, and 8003, that the Referee’s fee would be determined at the conclusion of her duties. The compensation varying from the statutory rate does not require that the different compensation be established before the referred matter is heard (Matter of O’Dwyer v Robson, 103 AD2d 1036; Garay v Soling, 169 AD2d 616; H & Y Realty Co. v Baron, 193 AD2d 429).
Blank, although not a party to the action, was subject to CPLR 3120 Ob), which provides that: "A person not a party may be directed by order to do whatever a party may be directed to do under subdivision (a).” Blank, having been served with the notice of motion for discovery, and responding thereto without any objection to jurisdiction, became subject to the jurisdiction of the court (see, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3120:12, at 603) and the ensuing order directing him to produce documents. His failure to timely do so entitled plaintiff to institute *49 contempt proceedings. Supreme Court has the power to punish misconduct which impairs the right of a party in a civil action, including attorney misconduct (Judiciary Law § 753 [A] [1]). Clearly, had the court elected to hold Blank in contempt for his failure to timely comply with the discovery order, plaintiffs would have been entitled to their costs for securing compliance (Judiciary Law § 773), including counsel fees and the expenses of the Referee (Glanzman v Fischman, 143 AD2d 880, lv dismissed 74 NY2d 792). While the court has declined to hold Blank in contempt, it is appropriate that he bear a substantial portion of the Referee’s fee.