■ BERNABE GONZALEZ, Respondent, v EDWARD CHALPIN, Appellant, et al., Defendants. [650 NYS2d 585] —In an action to recover damages for breach of contract, the defendant Edward Chalpin appeals, as limited by his brief, from so much of (1) an order of the Supreme Court, Nassau County (Yachnin, J.), dated May 24, 1995, as denied his motion pursuant to CPLR 5015 to vacate a judgment of the same court (Christ, J.), entered May 10, 1989, and (2) an order of the same court (Dunne, J.), dated April 19, 1996, as, upon renewal and reargument, adhered to the prior determination.

Ordered that the appeal from the order dated May 24, 1995,

is dismissed, as that order was superseded by the order dated April 19, 1996, made upon reargument and renewal; and it is further,

Ordered that the order dated April 19, 1996, is affirmed insofar as reviewed; and it is further,

Ordered that the respondent is awarded one bill of costs.

On a motion for a new trial on the ground of newly discovered evidence, the movant must establish that the evidence, if introduced at trial, would probably have produced a different result and that it goes to the heart of the factual issues in the case (see, CPLR 5015 [a] [2]; Agarwal v Quail Homes, 120 AD2d 694). Evidence that merely undermines the credibility of an adverse witness is insufficient (see, Teichner v W & J Holsteins, 161 AD2d 454). Moreover, the movant must establish that the evidence could not have been discovered earlier with due diligence (see, CPLR 5015 [a] [2]; Bertan v Richmond Mem. Hosp. & Health Ctr., 131 AD2d 799, 801).

The four affidavits upon which the defendants relied in support of their motion to vacate, even if introduced at trial, would probably not have produced a different result. Those four affidavits merely impeach the plaintiff's testimony on collateral matters and, as such, are insufficient to warrant vacatur of the judgment in this case (see, Teichner v W & J Holsteins, supra).

We have considered the appellant's remaining contentions and find them to be without merit. Santucci, J. P., Joy, Krausman and Florio, JJ., concur.