■ ISRAEL WEINSTOCK et al., Appellants, v EMMERICH HANDLER et al., Respondents. [674 NYS2d 368] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered November 24, 1997, which denied plaintiffs' motion pursuant to CPLR 5015 (a) (2) and (3) to vacate a judgment of the same court and Justice, entered July 23, 1996, after a nonjury trial, dismissing their complaint, unanimously affirmed, with costs.

We agree with the trial court that the promissory note and other documentary evidence upon which plaintiffs now rely could have, with due diligence, been located or obtained prior to trial (CPLR 5015 [a] [2]; *Prote Contr. Co. v Board of Educ.*, 230 AD2d 32). Moreover, the documents offered in support of the motion, to a great degree, do no more than raise issues as to the credibility of adverse witnesses and such issues in the present context are not sufficiently indicative of "fraud, misrepresentation, or other misconduct" to warrant vacatur of the judgment pursuant to CPLR 5015 (a) (3) (*see, Texido v S & R Car Rentals Toronto*, 244 AD2d 949). Plaintiffs' "new evidence" does not refute the essential findings of the trial court, and

thus it cannot be said that had the "new evidence" been introduced at trial, the trial's outcome would probably have been different (*see*, CPLR 5015 [a] [2]; *Gonzalez v Chalpin*, 233 AD2d 367). Concur—Lerner, P. J., Rubin, Williams, Mazzarelli and Andrias, JJ.