■ MADELINE D'ANTHONY, Also Known as MADELINE DROEGE, Appellant, v MARK S. LENDER, Respondent. [693 NYS2d 535] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered May 11, 1998, which, in an action for specific performance of a contract to sell a cooperative apartment, denied plaintiff buyer's motion for a new trial on the grounds of newly discovered evidence and fraud, unanimously affirmed, without costs.

The trial court's decision after trial held that defendant seller was under no obligation to convey because plaintiff's failure to supply all necessary documentation requested by the coop's Board resulted in her never obtaining the Board's consent, a condition of the sale. The so-called "true contract" upon which plaintiff now relies, which, *inter alia*, allegedly deleted the provision conditioning the sale upon plaintiff's obtaining the

Board's consent thereto, does not qualify as newly-discovered evidence. First, the "true contract" was actually in plaintiff's attorney's possession for over a year prior to trial, and it appears that a deliberate decision, tactical in nature, was made not to use it (*see, Prote Contr. Co. v Board of Educ.*, 230 AD2d 32, 39). Plaintiff's argument that defendant committed fraud on the court in not producing the "true contract" is without merit, where plaintiff never demanded that defendant produce it, and where neither party at trial disputed that the operative contract was that which was annexed to the complaint (*see, DiIorio v Gibson & Cushman*, 166 AD2d 334, 335). Concur—Ellerin, P. J., Mazzarelli, Rubin, Andrias and Buckley, JJ.