■ BASIL G. LITRAS et al., Respondents, v JOHN G. LITRAS, Individually and as Executor of GEORGE J. LITRAS, Deceased, et al., Appellants. [707 NYS2d 340] —In an action, *inter alia*, to recover damages for unfair competition, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Fredman, J.), entered July 1, 1998, as denied their motion to vacate a judgment of the same court, dated July 11, 1996, which, upon a jury verdict, is in favor of the plaintiffs and against them in the principal sum of $355,000.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court properly denied the defendants' motion to vacate the judgment on the ground of newly-discovered evidence (*see,* CPLR 5015 [a] [2]). The defendants failed to show that the new evidence could not have been discovered before entry of the judgment with the exercise of due diligence (*see,* CPLR 5015 [a] [2]; *Corpuel v Galasso*, 240 AD2d 531). Moreover, the new evidence consisted of posttrial ex parte deposition testimony of former employees of the plaintiff Basil G. Litras attacking his character and that of his family. Evidence that merely undermines the credibility of an adverse witness is insufficient to warrant vacatur of a judgment (*see, Gonzalez v Chalpin*, 233 AD2d 367).

The defendants' remaining contentions are without merit. Mangano, P. J., Bracken, McGinity and Luciano, JJ., concur.