■ NICHOLAS ESPINET, an Infant, by His Mother and Natural Guardian, EMELINDA ESPINET, et al., Respondents, v EFRAIN

SOLIS, Appellant. [722 NYS2d 240] —Order, Supreme Court, Bronx County (Jerry Crispino, J.), entered March 7, 2000, which, *inter alia*, denied defendant's motion to vacate a judgment, entered January 13, 1999, pursuant to CPLR 5015 (a) (2) and (3), unanimously affirmed, without costs.

The evidence proffered by defendant to establish that the judgment for plaintiffs was the result of a fraud upon the court was insufficient to warrant vacatur of the judgment. Defendant's post-judgment proffer indicated that the business card upon which one of plaintiff's trial witnesses claimed immediately after the infant plaintiff's 1994 accident to have recorded the license number of the offending hit-and-run vehicle, was not manufactured until 1997. Police testimony, however, independently established that defendant's car had been identified by its license plate number as the vehicle that struck the infant plaintiff in the near aftermath of the 1994 accident. Accordingly, the evidence indicating that the business card may not have existed on the date of the accident, although raising a question as to the credibility of one of plaintiff's witnesses, does not essentially undermine the evidentiary foundation for the jury's finding that the infant plaintiff had been struck by defendant's vehicle, and it cannot be said that but for the disputed testimony the jury would probably have found otherwise. Defendant thus failed to satisfy the requisites for relief pursuant to CPLR 5015 (a) (2) and (3) (*see, Weinstock v Handler*, 251 AD2d 184, *lv dismissed* 92 NY2d 946; *Olwine, Connelly, Chase, O'Donnell & Weyher v Valsan*, 226 AD2d 102, 103; *Teichner v W & J Holsteins*, 161 AD2d 454, *lv dismissed* 77 NY2d 873).

We have considered defendant's remaining contentions and find them unavailing. Concur—Nardelli, J. P., Andrias, Wallach, Lerner and Rubin, JJ.