■ In the Matter of CARMEN BURGOS, Respondent, v ANGEL BURGOS, Appellant. [757 NYS2d 733] —Order, Supreme Court, New York County (Jacqueline Silbermann, J.), entered on or about April 12, 2002, which granted plaintiff's motion to confirm the Special Referee's report recommending that the parties' judgment of divorce be vacated on the ground of fraud, and denied defendant's cross motion to, inter alia, reject the report, unanimously affirmed, without costs.

The record amply supports the Special Referee's findings (see *Nager v Panadis*, 238 AD2d 135, 135-136 [1997]) that for the purpose of obtaining an uncontested divorce, defendant went to a lawyer with a woman who impersonated plaintiff and who forged plaintiff's signatures on the documents underlying the divorce judgment (CPLR 5015 [a] [3]). We have considered and rejected defendant's other arguments. Concur—Tom, J.P., Saxe, Ellerin, Williams and Marlow, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARACELLY SERRANO, Appellant. [757 NYS2d 733] —Judgment, Supreme Court, Bronx County (Robert Cohen, J.), rendered July 30, 1999, convicting defendant, after a jury trial, of conspiracy in the second degree, and sentencing her to a term of 2⅓ to 7 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility. Defendant's conduct after the victim's initial abduction clearly supported the inference that defendant agreed to participate in the conspiracy to kidnap her (see *People v Parsons*, 275 AD2d 933, 934 [2000], *lv denied* 95 NY2d 937 [2000], *cert denied* 532 US 998 [2001]). Defendant's acquittal of the kidnapping charge does not warrant a different conclusion (see *People v Coronel*, 294 AD2d 211 [2002], *lv denied* 98 NY2d 696 [2002] [codefendant's appeal]). Concur—Tom, J.P., Saxe, Ellerin, Williams and Marlow, JJ.