*868 OPINION OF THE COURT
Lucy Billings, J.
Plaintiffs move to modify the court’s decision and judgment dated March 28, 2003. The order awarded defendant Ned Marshall, Inc., the undisputed purchase price and value of an Aubusson rug, $9,450; defendant’s commission of 35% of the purchase price for procuring the rug, $3,307.50; and 'a charge of $117 for shipping the rug: a total of $12,874.50. (Decision and judgment at 30-31 [Mar. 28, 2003].) Plaintiffs now claim defendant Ned Marshall’s testimony that the rug was delivered to plaintiffs, on which the court based its conclusion that defendant corporation was entitled to payment, was perjufed, requiring vacatur of the award. (CPLR 5015 [a] [3].)
I. Prior Proceedings
In their answer, defendants counterclaimed that plaintiffs had “failed ... to make payment in full for .] . . items purchased on Plaintiffs behalf’ (verified answer and counterclaims 1i 14); “refused to pay for . . . furnishings ordered at Plaintiffs’ specific request and purchased by defendant” (id. 1Í 25); and “been unjustly enriched by accepting the ¡benefits of defendant ned marshall, inc.’s work, labor, services and goods without compensating Defendant.” (Id. 1Í 27.) These allegations encompass a claim for the balance owed on merchandise delivered by defendants to plaintiffs and retained b^ them. At trial, defendants specified that these claims included the value of a Chinese Aubusson flat woven rug from Stark Carpet Corporation.
Plaintiffs protest that defendants never articulated a claim for the value of the rug in response to disclosure requests, but fail to point to any requests that called for such disclosure. Plaintiffs’ request for production of documents dated April 26, 2000 simply sought documents related to “services, work, labor and goods allegedly provided by defendants to plaintiffs” (example 3, 1i 2); “demands for payment made by defendants to plaintiffs” (id. H 3); “services, work, labor and goods allegedly provided by any person to defendants or plaintiffs concerning the plaintiffs and their orders for goods and services’’ (id. 11 6); “communications between defendants and other persons concerning the goods and services allegedly ordered by plaintiffs” (id. 1Í 7); “communications with plaintiffs” (id. 1Í 8); and “allegations set forth in the . . . Counterclaims.” (Id. 1i 9.) If defendants’ responses were deficient, plaintiffs’ remedy was, if the deficiency was revealed before trial, to move to compel a *869 complete response or, if the deficiency was not apparent until trial, to move then to preclude evidence of the claim for the rug’s value. In fact, at trial, a document relating to defendants’ claim for the rug’s value was admitted in evidence. (Example 40.) If defendants failed to produce this document in response to plaintiffs’ document request, plaintiffs could have objected to it, but they did not; in fact, they introduced it. (Transcript of proceedings at 76-78 [Mar. 6, 2002].)
At trial, defendant Marshall testified that he selected the rug from Stark Carpet, which delivered the rug to plaintiffs’ home January 31, 2001, on a trial basis, for plaintiffs’ approval, as agreed by the parties. (Transcript at 17-18 [Feb. 21, 2002]; at 79 [Mar. 6, 2002]; decision and judgment at 30.) Plaintiffs neither returned the rug nor made any payment for the rug to defendants or to Stark Carpet, thus assuming control and exercising ownership rights, to the exclusion of defendants’ control of ownership, over property that defendant Ned Marshall, Inc., had procured and was obligated to pay for. (Transcript at 17-18 [Feb. 21, 2002]; at 75-76, 82-83 [Mar. 6, 2002]; decision and judgment at 30; UCC 2-606 [1] [b], [c]; Vigilant Ins. Co. of Am. v Housing Auth. of City of El Paso, Tex., 87 NY2d 36, 44 [1995]; Hunt Co. v S & R Coachworks, 215 AD2d 361, 362 [2d Dept 1995].) Therefore the court held plaintiffs liable to defendant Ned Marshall, Inc., for the price of the rug, defendant’s commission, and the shipping charge: $12,874.50 in total. (Decision and judgment at 30-31.)
Plaintiffs protest further that Marshall’s testimony concerning the rug’s delivery was hearsay, based on his conversations with a Stark Carpet representative, and uncorroborated by documentary evidence or otherwise. Yet at trial, plaintiffs had ample opportunity to object to this testimony, to seek to discredit it, and to offer their own evidence on this issue, but neglected to do so. That opportunity does not extend after the trial has concluded.
II. Plaintiffs’ Current Motion
Nevertheless, plaintiffs now present the evidence they neglected to offer at trial: that Stark Carpet never delivered the Aubusson rug to plaintiffs. Plaintiffs provide no explanation, however, why they did not present this evidence at trial. They do not establish that the evidence was unavailable at the time of the trial or within the 15 days permitted for posttrial motions under CPLR 4404 and could not have been located with due diligence before the trial. (CPLR 5015 [a] [2]; Weinstock v Handler, *870 251 AD2d 184 [1st Dept 1998]; Olwine, Connelly, Chase, O’Donnell & Weyher v Valsan, Inc., 226 AD2d 102, 103 [1st Dept 1996].) Since this new evidence consists of the testimony of plaintiff Robert Cohen, who was present throughout the trial, and Stark Carpet representative Michael Blechner, plaintiffs surely would have known about or had the opportunity to discover their version of the facts and been able to present this evidence as rebuttal to Marshall’s testimony. (Weinsiock v Handler, 251 AD2d 184 [1998]; see Olwine, Connelly, Chase, O’Donnell & Weyher v Valsan, Inc., 226 AD2d at 103; Gonzalez v Chalpin, 233 AD2d 367, 368 [2d Dept 1996].)
Plaintiffs urge that the testimony of Cohen and Blechner is not just newly discovered evidence that would change the result and therefore be required to have been unavailable ¡previously. (CPLR 5015 [a] [2].) Plaintiffs urge that the testimoriy of Cohen and Blechner establishes that Marshall’s testimony was perjured, thus permitting vacatur under CPLR 5015 (a) (3), for “fraud, misrepresentation, or other misconduct of kn adverse party,” without a requirement that the evidence of perjury have been unavailable previously.
Plaintiffs do not claim a fraud that deprived plainti¡ffs of a full trial. (See Matter of Burgos v Burgos, 304 AD2d 475 [1st Dept 2003].) Plaintiffs had a full opportunity to object to Marshall’s testimony, undermine his credibility through cross-examination, and squarely contradict his testimony through the testimony of plaintiff Nanette Koryn, who testified extensively, Robert Cohen, and Stark Carpet personnel.
Instead, plaintiffs claim conduct that injected fraud into the trial. To claim that any evidence which was not introduced at trial, but which casts doubt on or even squarely contradicts evidence which was introduced and produced the result sought to be vacated, establishes “fraud” under CPLR 5015 (a)! (3) would obliterate any distinction between section 5015 (a) (3) and section 5015 (a) (2) and the requirement under section 5015 (a) (2) that the evidence be newly discovered. Any evidence that is presented in support of vacatur under section 5015 (q) (2) and hence would change the result at trial will inevitably be contradictory to the evidence that supported the original result. Evidence supporting vacatur under section 5015 (a) (2)j, however, unlike the evidence plaintiffs present, must have been unavailable previously.
Plaintiffs may not escape the strictures of CPLR 5015 (a) (2) by selecting the alternative of section 5015 (a) (3). Not all evi *871 dence that would support vacatur under section 5015 (a) (2), if newly discovered, including plaintiffs’ evidence, also supports vacatur under CPLR 5015 (a) (3). Vacatur under section 5015 (a) (3) requires conduct intended to defraud. (Burgos v Burgos, 304 AD2d 475 [2003].) Simply revealing evidence that was available but not introduced at the time of trial, but that casts doubt on the credibility of evidence introduced, does not establish the fraudulent conduct contemplated by CPLR 5015 (a) (3).
CPLR 5015 (a) (3), moreover, similarly to section 5015 (a) (2), requires that the fraud not have been discoverable before the judgment. (H & Y Realty Co. v Baron, 193 AD2d 429, 430 [1st Dept 1993].) If plaintiffs had prior actual or constructive notice of defendants’ misleading conduct, plaintiffs may not succeed under section 5015 (a) (3). (Richard B. v Sandra B.B., 209 AD2d 139, 144 [1st Dept 1995]; H & Y Realty Co. v Baron, 193 AD2d at 430; Greenwich Sav. Bank v JAJ Carpet Mart, 126 AD2d 451, 453 [1st Dept 1987]; A. Resnick Textile Co., Inc. v Ramapo Trading Corp., 2003 NY Slip Op 50634[U] [App Term, 1st Dept, Mar. 13, 2003].) Marshall testified about the Aubusson rug on the fourth and fifth days of a 10-day trial that spanned over many weeks. On the fifth day, he identified Michael Blechner as the person at Stark Carpet who provided Marshall with his information about the delivery of the rug to plaintiffs and their failure to return it. (Transcript at 82 [Mar. 6, 2003].) Although plaintiffs had ample opportunity before the trial concluded to rebut Marshall’s testimony through plaintiffs’ subsequent testimony and by contacting Blechner about his version of the facts, plaintiffs elected to forego that opportunity and waited until after the judgment to present their rebuttal. (Richard B. v Sandra B.B., 209 AD2d at 144; H & Y Realty Co. v Baron, 193 AD2d at 430; Greenwich Sav. Bank v JAJ Carpet Mart, 126 AD2d at 453.)
The fact that defendants may have failed to call plaintiffs’ attention to defendants’ claim concerning the rug until the trial is of no consequence. (Jackson v Kessner, 206 AD2d 123, 130 n 1 [1st Dept 1994].) Marshall’s testimony provided plaintiffs “with more than sufficient notice” of defendants’ claim, particularly in view of the length of the trial, giving plaintiffs extensive time to prepare rebuttal to Marshall, the first witness. (Id. at 131.)
Finally, the testimony of Cohen and Blechner does not unequivocally establish that Marshall’s testimony was perjured. Plaintiffs’ belated evidence, untested by potential objections, *872 cross-examination, and rebuttal evidence, is as subject to attack' as defendants’ evidence. Having presented it at trial,! defendants subjected their evidence to potential objections, cross-examination, and rebuttal. Plaintiffs, having failed; to present their evidence at trial, may not escape such attack and then expect their version of the facts to be accepted as the prevailing view merely because it contradicts defendants’ version. Such contradictions are to be resolved at trial. Plaintiffs missed that opportunity. (Richard B. v Sandra B.B., 209 AD2d at 144; H & Y Realty Co. v Baron, 193 AD2d at 430; Greenwich Sav. Bank v JAJ Carpet Mart, 126 AD2d at 453.)
III. Conclusion
For all the above reasons, the court denies plaintiffs’ motion to modify the court’s decision and order dated March 28, 2003 to vacate the $12,874.50 award to defendant Ned Marshall, Inc., for the Aubusson rug. j
[Portions of opinion omitted for purposes of publication.]