# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

117

CA 10-00092

PRESENT: CENTRA, J.P., CARNI, LINDLEY, GREEN, AND GORSKI, JJ.

---

JOSEPH MONTESANO, INDIVIDUALLY AND AS
PRESIDENT OF ROCHESTER FIREFIGHTERS, INC.,
LOCAL 1071, IAFF, AFL-CIO, AS TRUSTEE OF
ROCHESTER FIREFIGHTERS ASSOCIATION MUTUAL AID
FUND, AND ON BEHALF OF ALL OTHER INDIVIDUALS
PROVIDING FIRE PROTECTION TO CITY OF ROCHESTER,
SIMILARLY SITUATED, FREDERICK DINOTO, GARY
DINOTO, KEVIN BILLS AND MICHAEL SULLI,
INDIVIDUALLY AS ROCHESTER FIREFIGHTERS AND AS
TRUSTEES OF ROCHESTER FIREFIGHTERS ASSOCIATION
MUTUAL AID FUND, AND ROCHESTER FIREFIGHTERS
ASSOCIATION MUTUAL AID FUND,
PLAINTIFFS-RESPONDENTS,

V                                                      MEMORANDUM AND ORDER

FLOYD A. MADISON, AS CHIEF OF FIRE DEPARTMENT
OF CITY OF ROCHESTER AND AS ADMINISTRATOR OF
FIREFIGHTERS' INSURANCE FUND OF CITY OF
ROCHESTER, WILLIAM A. JOHNSON, JR., AS MAYOR
OF CITY OF ROCHESTER, VINCENT J. CARFAGNA, AS
DIRECTOR OF THE CITY OF ROCHESTER'S FINANCE
DEPARTMENT, CHARLES A. BENINCASA, AS TREASURER
OF CITY OF ROCHESTER AND AS TRUSTEE OF THE
FIREFIGHTERS' INSURANCE FUND OF CITY OF
ROCHESTER, CITY OF ROCHESTER, FIRE DEPARTMENT
OF CITY OF ROCHESTER, FIREFIGHTERS' INSURANCE
FUND OF CITY OF ROCHESTER, AND ROCHESTER
FIREFIGHTERS BENEVOLENT ASSOCIATION,
DEFENDANTS-APPELLANTS.
(APPEAL NO. 1.)

---

THOMAS S. RICHARDS, CORPORATION COUNSEL, ROCHESTER (JOHN M. CAMPOLIETO
OF COUNSEL), FOR DEFENDANTS-APPELLANTS.

CULLEY, MARKS, TANENBAUM & PEZZULO, LLP, ROCHESTER (GLENN E. PEZZULO
OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Monroe County (William P. Polito, J.), entered November 10, 2009. The order directed defendants to restore certain funds to the Firefighters' Insurance Fund.

It is hereby ORDERED that the order so appealed from is

unanimously affirmed without costs.

Memorandum:  On a prior appeal in this case (*Montesano v Madison*, 45 AD3d 1352, *lv denied* 10 NY3d 782), we previously affirmed a judgment that, inter alia, directed the City of Rochester (City), a defendant in the instant three appeals, to provide an accounting with respect to its use of the 2% fund, i.e., the proceeds of a tax imposed on premiums collected by certain foreign and alien insurers doing business in New York (*see* Insurance Law §§ 9104, 9105).  Supreme Court thereafter appointed a referee to conduct a hearing and to determine the amount of the 2% fund received by the City and the manner in which the City expended that sum.  By the order in appeal No. 1, the court "accept[ed]" the report of the Referee and directed the City to restore to the Firemen's Fund account funds improperly taken from the 2% fund.  The court further directed the City to pay the entire amount of the Referee's fee.  By the order in appeal No. 2, the court, inter alia, granted in part plaintiffs' motion seeking an order of contempt and awarded to plaintiffs a portion of their legal fees as a sanction against defendants.  By the order in appeal No. 3, the court awarded interest, as calculated by the Referee, on the sums that the court directed the City to restore to the Firemen's Fund account.

We note at the outset that the City's cross appeal from the judgment before us on the prior appeal was dismissed based upon the failure of the City to perfect its cross appeal (*see* 22 NYCRR 1000.12 [b]).  To the extent that the City now raises issues that could have been raised in the cross appeal that was dismissed, we decline to exercise our discretion to address those issues (*see Williams v Williams*, 52 AD3d 1271; *Alfieri v Empire Beef Co., Inc.*, 41 AD3d 1313).

With respect to the order in appeal No. 1, we conclude that the court properly accepted the report of the Referee inasmuch as the findings therein are "substantially supported" by the record (*Kaplan v Einy*, 209 AD2d 248, 251).  We further conclude that the court acted within its discretion in directing the City to pay the entire fee of the Referee, particularly in light of the fact that the Referee's appointment was necessitated by the failure of the City to comply with the court's previous directive to provide an accounting (*see* CPLR 4321 [1]; *see generally Kolomick v Kolomick*, 133 AD2d 69, 70).  With respect to the order in appeal No. 2, the court also properly exercised its discretion in directing the City to pay a portion of the attorneys' fees incurred by plaintiffs based upon the City's conduct in unreasonably delaying and prolonging the resolution of this litigation (*see* 22 NYCRR 130-1.1 [c] [2]).  Finally, with respect to the order in appeal No. 3, defendants in their appellate brief do not challenge the amount or method of calculating interest on the sums that the court directed the City to restore to the Firemen's Fund account, and thus defendants have abandoned any challenge to that order (*see Ciesinski v Town of Aurora*, 202 AD2d 984).

Entered:  February 18, 2011                    Patricia L. Morgan
                                               Clerk of the Court