*425 OPINION OF THE COURT
Kristin Booth Glen, S.
This case presents an interesting anomaly in the procedures available for determining attorneys’ fees in contested accounting proceedings, regarding the court’s ability to order a reference and to require the parties to pay for that reference.
Facts
This is a contested accounting proceeding in which Jeffrey Beiter, as executor of the will of John F. Beiter, asks the court to disallow a portion of the legal fees claimed by his previous counsel, Katten Muchin Rosenman LLP (Katten Muchin). Katten Muchin, having filed objections, has moved for summary judgment solely on the fee issue.
The parties disagree on the extent to which counsel’s time was reasonably expended in services to the executor and on the value of those services to the estate. Ordinarily, issues relating to attorneys’ fees are decided on the papers, with the parties’ consent.[1] Here, however, Jeffrey was unwilling to consent and thus to waive his right to a nonjury trial.
Practical Considerations
As is, by now, well known, the courts, including Surrogate’s Courts, are suffering from a significant diminution in personnel and services due to a combination of an early retirement initiative, hiring freeze and mandatory layoffs (see NY St Bar Assn, Report of the Executive Committee on the Impact of Recent Budget Cuts in New York State Court Funding [Jan. 2012] ;[2] NYCLA Task Force on Judicial Cuts, Public Hearing Report, The Effects of Judicial Budget Cuts on the New York State and Federal Courts [hearing conducted Dec. 2, 2011]).[3] While struggling to keep up with an ever increasing volume of probate, administration, and estate and trust accounting matters, the court must do so with far fewer resources than have been available in the past. Choices must be made, and priorities set. Because determination of appropriate attorneys’ fees is, on *426 the one hand, such a routine matter and, on the other, if a hearing is required, likely to consume so much valuable court time, other matters clearly take precedence.[4]
Applicable Law
The alternatives to a hearing by the court are set forth in SCPA 506. One is free; the other involves expense to the parties. One requires consent; the other, anomalously, does not.
Paragraph (a) of SCPA 506 (6) provides in relevant part,
“Upon the consent of the attorneys for all parties who have appeared at the hearing, the court may designate ... a court attorney . . . [or other member of the court staff] to take the testimony in any proceeding other than one where a right to trial by jury exists and to report to the court upon the facts or upon a specific question of fact or upon the law and the facts.”
This option — for reference to an experienced court attorney (with final determination to be made by the court) at no cost to the parties — has also been rejected by Jeffrey.
This leaves SCPA 506 (1), which reads, in pertinent part,
“In any proceeding other than one instituted for probate of a will or where a constitutional right to trial by jury exists[5] and is demanded, the court may appoint a referee to report to the court upon the facts or upon a specific question of fact or upon the law and the facts.”
There is no requirement for consent by the parties.
At the same time, the statute provides for payment of the referee pursuant to subdivisions (2) and (5). Subdivision (2), not relevant here, provides that in accounting proceedings no referee shall be appointed when the estate does not exceed $1,000 in value or where the sum at issue is less than $200, unless the referee is willing to sit without compensation. Subdivision (5) reads: “The compensation and expenses of such a referee shall be fixed and allowed as provided by CPLR 8003(a) and 4321, *427 except as limited by subdivision 2.” CPLR 8003 (a) provides for payment of $50 per day “unless a different compensation is fixed by the court or by the consent in writing of all parties” (emphasis added).
Thus it is clear that the court may fix appropriate compensation without the consent of the parties.
Finally, as to the process for determining the allocation of fees, CPLR 4321 (1) provides,
“An order or a stipulation for a reference shall determine the basis and method of computing the referee’s fees and provide for their payment. The court may make an appropriate order for the payment of the reasonable expenses of the referee. Unless the court otherwise orders or the stipulation otherwise provides, such fees and expenses of the referee shall be taxed as costs” (emphasis added).
In addition to reinforcing that a reference may be made, and payment determined with or without the stipulation of the parties, CPLR 4321 is intended to address the amount and allocation of the referee’s fees at the time of reference, “to avoid embarrassment to the referee, and embarrassment and more to the parties, as where the referee has become aware . . . that one of the parties is advocating a lower fee than another.” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 4321.)
Reported cases demonstrate a progression in hourly fees fixed by courts over the years, from the $25 per day minimum provided by former Civil Practice Act § 1545 (cf. Matter of Wade, 270 App Div 712 [4th Dept 1946], lv granted 270 App Div 982 [1946], affd 296 NY 244 [1947]), to $300 per day (see Harold J. Rosen Trust v Rosen, 53 AD2d 342 [4th Dept 1976], affd 43 NY2d 693 [1977]). They also demonstrate allocations that divide the cost equally between the parties (e.g. H & Y Realty Co. v Baron, 193 AD2d 429 [1st Dept 1993]) or that impose the entire cost on the party whose misbehavior has required the reference (e.g. Montesano v Madison, 81 AD3d 1412 [4th Dept 2011], lv denied and dismissed 17 NY3d 735 [2011]; Kolomick v Kolomick, 133 AD2d 69 [2d Dept 1987]).
It seems anomalous in the extreme that a court cannot require parties challenging legal fees in a contested accounting to accept reference to a court-attorney referee at no cost, but may order reference to a private attorney, at potentially considerable cost to the parties, without their consent. The history of SCPA 506 *428 (6) makes clear previous dissatisfaction of the practice, criticized by the bar, of “the frequent use of private referees in one of the surrogates’ [sic] courts in of this State” (Rep of Comm on Trusts, Estates and Surrogates’ [sic] Courts of Assn of Bar of City of NY approving Bill S3508, A5381, reproduced in part in Bill Jacket, L 1971, ch 361 at 7). A May 7, 1971 letter in support of 506 (6) from the Chair of the Senate Committee on Judiciary notes: “The purpose of the bill is to attempt to hold down the costs to estates, by eliminating the need to appoint and compensate persons who are outside the judicial system,” but notes further “Such reference [under the proposed provisions] cannot be made without the consent of all attorneys who appear” (Bill Jacket, L 1971, ch 361 at 2).
The legislature thus provided a means to allow the court to avoid holding a hearing on attorneys fees, and, as well, to avoid any additional cost to the parties — but only if they agree. Here, Jeffrey’s recalcitrance leaves the court no choice but to order a reference pursuant to SCPA 506 (1), to which, not surprisingly, he objects.
Under these circumstances, and with what appears to be the clear authority conferred by the statute, the court appoints John Riordan, Esq.[6] to hear and report with respect to the fee issues raised in the pending motion. Because of the nature of the objections, and the impossibility of determining, at this point, the merits of each side’s contentions, allocation for the referee’s fees shall be determined following the court’s decision on the merits of the application based on the referee’s report. His fee will be determined based on his affirmation of services and contemporaneous time records in accordance with the calculus of Matter of Freeman (34 NY2d 1 [1974]) and Matter of Potts (213 App Div 59 [4th Dept 1925]), with the referee’s hourly rate, not to exceed $500,[7] to be included among the factors.

. In 6V2 years this court has only held hearings on attorneys’ fees in two cases, out of hundreds decided on the papers.

. Available at http://www.nysba.org/AM/Template.cfm?Section=News_Center & ContentID=62098 & Template=/CMyContentDisplay.cñn., accessed July 10, 2012.

. Available at http://www.nycla.org/siteFiles/Publications/Publicationsl516_0.pdf, accessed July 10, 2012.

= The court’s time is particularly limited now because of mandatory retirement at the end of this calendar year, and efforts to “wrap up” existing matters by that time rather than leaving an unconscionable backlog for the newly elected surrogate.

. There is no such right in a determination of attorneys’ fees for services to an executor (e.g. Matter of Shinder, 15 Misc 2d 429 [Sur Ct, NY County 1958] [decided under former Surrogate’s Court Act § 231-a, predecessor to SCPA 2110]).

. Judge Riordan is the former Surrogate of Nassau County, and is eminently qualified to hear and report on these issues.

. The 2008 rate of the lead attorney whose fees are at issue in the instant proceeding was $695 per hour, so this amount, well within the range known to this court, should not surprise the parties.