DD 11th Avenue, LLC, NY County Index No. Petitioner-Landlord-Respondent, 571041/18
against
David Sans, and Catherine Berge, "John Doe" and "Jane Doe," Respondents-Undertenants.



Tenant appeals from (1) an order of the Civil Court of the City of New York, New York County (Jack Stoller, J.), entered January 29, 2018, which granted landlord's cross motion for summary judgment of possession and denied, as moot, tenant's motion for discovery in a holdover summary proceeding, (2) a final judgment (same court and Judge), entered February 9, 2018, which awarded possession to landlord, (3) an order (same court and Judge) entered April 9, 2018, which denied tenant's motion to reargue and renew the final judgment entered February 9, 2018 and (4) an order (same court and Judge) dated September 11, 2018, which denied tenant's motion to vacate the final judgment entered February 9, 2018 pursuant to CPLR 5015(a)(2) and CPLR 5015(a)(3).




Per Curiam.
Final judgment (Jack Stoller, J.), entered February 9, 2018, affirmed, with $25 costs. Orders (Jack Stoller, J.), entered April 9, 2018 and dated September 11, 2018, respectively, affirmed, without costs. Appeal from order (Jack Stoller, J.), entered January 29, 2018, dismissed, without costs, as subsumed in the appeal from the final judgment. 
The summary judgment record conclusively establishes that tenant was in "material noncompliance" with the lease since he failed to disclose all of his income in his initial 2012 application for the low-income, subsidized tenancy at issue (see 501 W. 41st St. Assoc. v Annunziata, 41 Misc 3d 138[A], 2013 NY Slip Op 51922[U] [App Term, 1st Dept 2013]). The motion court properly found that tenant's total annual income reported on his joint tax return for the calendar year 2012, as the sole adult occupant of the subject housing accommodation, exceeded the relevant income threshold by "eight times" the Current Income Limit per Family Size. While tenant stated in his Tenant Income Certification dated May 1, 2012, and in his supporting papers, that his total annual income was below the relevant income threshold and that he was self-employed, it is undisputed that tenant obtained full-time employment less than four [*2]months later on August 30, 2012 at a pro-rata salary which far exceeded the income threshold, without the knowledge of the landlord or the New York State Housing Finance Agency (HFA), the program administrator.
In addition, tenant also failed to provide the requisite information regarding household composition. Tenant's teenage nephew and niece were listed as members of the household when tenant applied for and took occupancy of this apartment on May 1, 2012. However, tenant failed to inform the landlord at any time during that year or on his subsequent 2013 Household Eligibility Questionnaire or 2013 Tenant Income Certification that his nephew never occupied the unit and that his niece departed in August 2012, leaving him in sole occupancy of the subject two-bedroom, rent-stabilized apartment at that juncture. 
Tenant's subsequent motions were also properly denied. The court providently exercised its discretion in denying renewal (see Branham v R.V. Ambulette, Inc., 113 AD3d 531 [2014], lv dismissed 24 NY3d 991 [2014]), since he failed to offer a reasonable excuse for his failure to submit the letter from his employer and the affidavits from his accountant and an attorney in opposition to the summary judgment motion. Nor did tenant satisfy the requisites for relief pursuant to CPLR 5015(a)(2) and (3) (see Weinstock v Handler, 251 AD2d 184 [1998], lv dismissed 92 NY2d 946 [1998]). We have considered tenant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 03, 2019